poration. It is not disclosed whether Liebovitz was a stockholder in plaintiff and, if so, whether he sold such stock. These facts were not revealed when plaintiff was urging its right to a prior examination of defendants. Such examination extended over almost two years and was not concluded until March, 1955. The examination of plaintiff by its officers was to commence on April 5, 1955. This motion to vacate the order insofar as it directed an examination of Abraham L. Liebovitz was made shortly prior thereto when Liebovitz's resignation was revealed. In the light of the unusual circumstances here presented, we conclude that the examination should proceed as ordered. We are not required to pass upon any question of the binding quality upon the corporation of Liebovitz's testimony, but hold that the defendants are entitled to proceed with the examination as previously ordered. Settle order on notice. Concur — Peck, P. J., Peck, P. J., Cohn, Callahan, Breitel and Bastow, JJ. [See *post*, p. 962.]

In the Matter of CARLO CUPO et al., Appellants, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.— Order unanimously affirmed with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Cohn, Callahan, Breitel and Bastow, JJ.

GIOVANNI GIRARDON, Respondent, v. JOSEPH FOA, Appellant.— In the present record, no reasonable excuse has been offered by plaintiff for the delay of some six years in prosecuting this action, nor has plaintiff set forth facts showing that he has a meritorious cause of action. The cross motion to dismiss the complaint for lack of prosecution should accordingly have been granted. Order unanimously reversed, the motion for permission to amend the complaint is denied and the cross motion to dismiss for lack of prosecution is granted without prejudice, however, to an application by plaintiff to vacate the order of dismissal upon a proper showing by affidavit of the reasons for the delay and submission of an affidavit of merits which should set forth in detail facts in support of his claim that he has a good cause of action. Settle order on notice. Concur — Peck, P. J., Cohn, Bastow, Botein and Rabin, JJ.

O'CONNOR & GORDON, INC., et al., Appellants-Respondents, v. HANDICRAFT PUBLICATIONS, INC., Respondent-Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Cohn, Callahan, Breitel and Bastow, JJ. [206 Misc. 1087.]

WILLIAM L. DU BOIS, JR., an Infant, by WILLIAM L. DU BOIS, His Guardian ad Litem, et al., Plaintiffs, v. NATIONAL ESTATES, INC., Appellant and GEORGE KINNEY, Doing Business as ACE WATERPROOFING Co., Respondent, et al., Defendant.— Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion denied. The claim over is sufficient as a pleading. Concur — Peck, P. J., Cohn, Callahan, Breitel and Bastow, JJ. [See *post*, p. 963.]

WILLIAM L. DU BOIS, JR., an Infant, by WILLIAM L. DU BOIS, His Guardian ad Litem, et al., Respondents, v. NATIONAL ESTATES, INC., et al., Defendants, and GEORGE KINNEY, Doing Business as ACE WATERPROOFING Co., Appellant.—

Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Peck, P. J., Cohn, Callahan, Breitel and Bastow, JJ. [See *post*, p. 963.]

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD DOWELL, Appellant.— Order unanimously affirmed. No opinion. Concur — Peck, P. J., Cohn, Callahan, Breitel and Bastow, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, on Complaint of CARMEN R. SALGADO, Respondent, v. AURELIO SALGADO, Appellant.— Order unanimously affirmed. No opinion. Concur — Peck, P. J., Cohn, Callahan, Breitel and Bastow, JJ.

■

RUTH THOMPSON, Respondent, v. JOHN H. NICHOLS, Appellant.— At the times of the conception and birth giving rise to the order of filiation, complainant was living in the same apartment with her husband. Both complainant and her husband assert that they were not cohabiting at the time of the conception and that they were estranged, although residing in proximity of adjoining rooms under a common roof. The husband signed the birth certificate as the father of the child. Complainant and her husband have since admittedly resumed normal living and marital relations. We cannot regard the evidence of defendant's alleged paternity of the child sufficiently satisfactory under the circumstances to overcome the strongest presumption of the law, the presumption of legitimacy. Order unanimously reversed and the complaint dismissed. Concur — Peck, P. J., Cohn, Callahan, Breitel and Botein, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEONARD GREENSTEIN, Appellant.— Order unanimously affirmed. No opinion. Concur — Peck, P. J., Cohn, Callahan, Breitel and Botein, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT MONROE, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Peck, P. J., Cohn, Callahan, Breitel and Botein, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES CAHILL, Appellant.— Order unanimously affirmed. No opinion. Concur — Peck, P. J., Cohn, Callahan, Breitel and Botein, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEAN SMALLS, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Peck, P. J., Cohn, Callahan, Breitel and Botein, JJ.

■

HENRIETTA T. PEABODY, Appellant-Respondent, v. STEPHEN PEABODY, Respondent-Appellant.— Judgment unanimously affirmed. No opinion. Concur — Callahan, J. P., Breitel, Bastow, Botein and Rabin, JJ. [See *post*, p. 1003.]