ETHEL BROWN et al., Appellants, *v.* HUGH BULLOCK et al., Respondents.

First Department, December 20, 1962.

*Mark H. Berger* of counsel (*Berger & Berger*, attorneys), for Max Goldmann, appellant.

*Abraham L. Pomerantz* of counsel (*Pomerantz Levy & Haudek* and *Rosenfeld & Silverman* with him on the brief; *Rosenthal & Gurkin*, attorneys), for Ethel Brown and another, appellants.

*David W. Peck* of counsel (*Alfred Jaretzki, Jr., Marvin Schwartz* and *E. Roger Frisch* with him on the brief; *Sullivan & Cromwell*, attorneys), for Hugh Bullock and others, respondents.

*Harold L. Smith* of counsel (*Francis C. Reed* and *Robert M. Byrn* with him on the brief; *Hughes, Hubbard, Blair & Reed*, attorneys), for Arthur F. Burns and others, respondents.

*Harold M. Cole* of counsel (*Myron J. Wiess* and *James G. Starkey* with him on the brief; *Cole, Friedman & Deitz*, attorneys), for Dividend Shares, Inc., respondent.

*Per Curiam.* This stockholders' derivative suit on behalf of defendant Dividend Shares, Inc., seeking the recovery of fees paid to defendant Calvin Bullock, Ltd., as investment adviser, was instituted in the New York Supreme Court August 9, 1960. The previous day a suit against the same defendants on the same ground and for identical relief had been instituted in the United States District Court for the Southern District of New York.

When the case was placed by defendants on the General Equity Calendar for trial, plaintiffs moved to strike the case from the calendar on the ground they had not had opportunity to take depositions and it, was stated by plaintiffs on that motion that

they would apply to take depositions showing special circumstances. The application to strike the case from the calendar was denied at Special Term, but without prejudice to plaintiffs expeditiously proceeding "for whatever relief they may deem advisable in the premises." No such application to take depositions was thereafter made by plaintiffs.

The Federal court having sustained its jurisdiction in the identical suit there, plaintiffs moved on July 12, 1961, to discontinue this action without prejudice. The reason asserted by plaintiffs for the institution of the action had been a purported doubt as to Federal jurisdiction and a concern about the running of the Statute of Limitations. The motion to discontinue of July 12, 1961, was denied at Special Term without prejudice to its renewal after a decision on appeal in the United States Court of Appeals (294 F. 2d 415).

The Court of Appeals affirmed the decision sustaining Federal jurisdiction; and thereafter plaintiffs on September 15, 1961, made a second motion for leave to discontinue without prejudice. Defendants noticed the case for trial and it could have been reached and tried without delay. The court at Special Term denied plaintiffs' motion to discontinue without prejudice, finding that defendants were being harassed by an action which plaintiffs did not intend to prosecute; and following a procedure outlined in *Van Aalten* v. *Mack* (9 A D 2d 648 [1st Dept., 1959]) ordered the action discontinued with prejudice to plaintiffs and, upon due notice to all other stockholders of Dividend Shares, with prejudice to Dividend Shares.

Upon appeal from that order, this court modified to the extent only of directing restoration of the case to the Day Calendar for a day certain unless plaintiffs filed a consent to discontinue with prejudice (15 A D 2d 889). The order was otherwise affirmed. The affirmance must be construed as meaning that this court approved the discontinuance of the action with prejudice unless plaintiffs either proceeded to trial, or themselves consented to discontinue with prejudice.

The decision must be viewed in context of the argument advanced here by plaintiffs on the prior appeal. Plaintiffs contended then that they desired opportunity to go to trial and that there was no power to dismiss the action with prejudice for a failure or refusal to proceed to trial. The modification restoring the case to the Day Calendar was necessarily a response to the argument that plaintiffs desired opportunity for trial; and affirmance of the order in all other respects in light of the argument of absence of power was necessarily a determination that in the circumstances of this case the Special Term had the power

to dismiss with prejudice and that the power was properly exercised.

No such consent was filed by plaintiffs and, when the case was reached on the Day Calendar for trial, defendants announced themselves ready and plaintiffs refused to go to trial. Thereupon the court dismissed the action with prejudice. The Judge at Special Term read the prior decision of this court as requiring such a dismissal unless plaintiffs proceeded to trial.

Since this is the correct, and indeed the only possible, interpretation of this court's prior decision, the question on the present appeal reviewing the order of dismissal with prejudice is the binding effect of the decision at 15 A D 2d 889, in this action and beyond that, the ultimate power of the Supreme Court then and now to order a dismissal or discontinuance with prejudice.

It is argued by appellants on this appeal, and the same point on the same general authority was presented on the earlier appeal, that the court was without power to dismiss with prejudice because of the holdings in *Honsinger* v. *Union Carriage & Gear Co.* (175 N. Y. 229); *Mink* v. *Keim* (291 N. Y. 300); *Greenberg* v. *De Hart* (4 N Y 2d 511); *Weisinger* v. *Berfond* (11 A D 2d 817, affd. 9 N Y 2d 742) and other cases.

These cases, however, all are concerned with the effect of a dismissal in the nature of nonsuit for failure to appear on the trial, and did not involve the broader public question of the inherent power of the court to impose reasonable conditions upon the excessive or vexatious employment of its judicial facilities.

Here, all possible rational basis for the maintenance of this action in the New York Supreme Court while the parallel suit in the Federal court goes on, has disappeared. The asserted fear earlier in the action that the Statute of Limitations might run if the Federal suit were dismissed for lack of jurisdiction and hence the New York Supreme Court action could be a useful protective device is groundless. Federal jurisdiction has now been sustained and, if it had not been, the Statute of Limitations would have been tolled (Civ. Prac. Act, § 23; *Gaines* v. *City of New York*, 215 N. Y. 533).

It seems obvious too, that the New York action could not succeed in view of practical limitations upon pretrial examinations here not applicable in the Federal practice; and the assertion by defendants that this suit is maintained in New York to avoid the possibility that other parties might bring another suit here which would be reached for trial before the Federal action, seems a plausible reason for plaintiffs' insistence on keeping open this action.

In these circumstances, power exists to require either that the New York action go on; or be dismissed with prejudice. The record strongly suggests an excessive and needless resort to the processes of the court against which it has the power to protect the defendants and to conserve its own heavily burdened facilities and judicial services. This is a power at once inherent and essential to the sound management of the court (*Metropolitan Bank* v. *Pooley,* 10 App. Cas. 210; *Link* v. *Wabash R. R. Co.,* 370 U. S. 626; *Stewart* v. *Butler,* 27 Misc. 708; Civ. Prac. Act, §§ 181, 482). And, it is a procedure particularly suitable in a stockholders' derivative suit and implicit in the court's decision in *Van Aalten* v. *Mack* (9 A D 2d 648, *supra*) as a condition of voluntary discontinuance or as a condition of dismissal if a plaintiff unreasonably refused to proceed to trial.

It should be pointed out that while the action in this court was brought only as a matter of precaution and with no expectation of prosecuting it, it is vexatious and harassing to the defendants only in a technical sense, and they would obtain complete relief by the voluntary discontinuance offered by plaintiff. Their insistence on a discontinuance with prejudice is not due to fear that the action will at some later date be reactivated. Their purpose is to present in the Federal court an adjudication that is final on the same facts and contentions, and thereby, on the principles of *res judicata,* present to the United States court a *fait accompli.* In affirming the disposition below we do not wish to be understood as intending that result. We mean merely that as far as the courts of this State are concerned the action is precluded.

The phrases "with prejudice" and "on the merits", when used in connection with the dismissal or other disposition of a complaint, are often used interchangeably and without due appreciation of the distinction between them. This comes about because in most instances the effect is the same, namely, the party is precluded from proceeding again on the same claim. But that is not always the case. A complaint dismissed for lack of jurisdiction, or on the ground of *forum non conveniens,* is dismissed with prejudice. That means that the plaintiff cannot further present his claim in the courts of this State. But it is not an adjudication of the merits of his claim, and obviously is no bar to prosecution of the suit in the proper jurisdiction. In a related situation it was held that the dismissal of a third-party complaint because not available in the action was properly made "with prejudice" because the third-party plaintiff should not be allowed to assert the claim again in that action and the inclusion of the phrase in the judgment would not prevent him from assert-

ing the claim in an independent action in our courts (*Putvin* v. *Buffalo Elec. Co.,* 5 N Y 2d 447, 459–460).

The order should be affirmed, with costs.

STEVENS, J. (dissenting). The majority point out that the action in this (State) court was brought only as a matter of precaution and "it is vexatious and harassing to the defendants only in a technical sense, and they would obtain complete relief by the voluntary discontinuance offered by plaintiff." They recognize the purpose of the defendants in seeking affirmation of the judgment below is to be able to present in Federal court a contention that the matter is *res judicata,* but then go on to say they do not intend that result.

It would seem advisable and the only way to remove all doubt and to be assured of achieving the desired result is to modify the order appealed from to strike the words "with prejudice." No good reason exists why the parties should have to brief the question of *res judicata* in the Federal court, and the plaintiffs be exposed to the possible hazard of a denial of a hearing of its case on the merits.

"Generally, a dismissal of an action without prejudice indicates there has been no decision of the case on the merits, and, conversely, a dismissal with prejudice indicates an adjudication on the merits of the case" (27 C. J. S., Dismissal and Nonsuit, § 73; 17 Am. Jur., Dismissal, Discontinuance and Nonsuit, § 106; 149 A. L. R. 625; Restatement, Judgments, § 53, *Comment c;* cf. *Girardon* v. *Foa,* 286 App. Div. 809). It is recognized that in cases involving procedural, jurisdictional or venuel matters, the general rule may not be applicable, but the case before us involves none of these questions. *Putvin* v. *Buffalo Elec. Co.* (5 N Y 2d 447) upon which the majority place great stress, held the words "with prejudice" in the posture of the case before them meant no more than that defendant third-party plaintiff could serve no "further or amended third-party complaints *in these actions* as the plaintiffs' complaints now stand" (p. 460). The words merely carried out the sense of the basic order which held the third-party complaints failed to state a cause of action. Thus the words "with prejudice" were superfluous. Obviously that is not the case before us.

In the *Van Aalten* case (*Van Aalten* v. *Mack,* 9 A D 2d 648) this court, in affirming the order granting plaintiff's motion to discontinue, referred to the fact that proceedings in the action had not developed intensively. In that case plaintiff moved to discontinue and consented to the condition imposed. In the case before us plaintiffs did not seek a dismissal or a discontinuance,

they merely refused to go forward when the case was called for trial. Plaintiffs' failure to proceed should have resulted in a nonsuit or a dismissal without prejudice (*Weisinger* v. *Berfond*, 11 A D 2d 817, affd. 9 N Y 2d 742; *Mink* v. *Keim*, 291 N. Y. 300; *Greenberg* v. *De Hart*, 4 N Y 2d 511; *Honsinger* v. *Union Carriage & Gear Co.*, 175 N. Y. 229; *Mintzer* v. *Loeb, Rhoades & Co.*, 10 A D 2d 27; *Schultz* v. *Kobus*, 15 A D 2d 382).

The words "with prejudice" without the addition of words of limitation or explanation, may well be construed in their general sense, rather than be controlled or governed by the expressed intention of the majority, because of the nature and character of the order and judgment appealed from. We see no reason to place these plaintiffs in that possibly perilous situation when the matter could so simply and easily be placed in proper perspective by a modification of the order before us.

It is hardly an excessive resort to the processes of the court to do that which one has a right to do. A party has the right to select the forum in which he prefers to try his case (*Paramount Pictures* v. *Blumenthal*, 256 App. Div. 756, 758; cf. *Admiral Corp.* v. *Reines Distrs.*, 9 A D 2d 410, affd. 8 N Y 2d 773). And by the general rule he may discontinue at any time without prejudice unless the defendants have a counterclaim or would be prejudiced thereby or substantial rights of his adversary would be injured or impaired (cf. *Schintzuis* v. *Lackawanna Steel Co.*, 224 N. Y. 226; Rules Civ. Prac., rule 301; *Honsinger* v. *Union Carriage & Gear Co.*, 175 N. Y. 229). The fear that plaintiffs might continue to burden the facilities of the court seems groundless. I entertain no doubt that plaintiffs would even stipulate as a condition to discontinue that no other action be brought by them in State courts on this same issue — a condition which the court might have imposed originally. However, defendants did not seek dismissal because of harassment, but because of prior court decisions in this case. Certainly the Appellate Division's decision did not mandate a dismissal with prejudice, because of a default at trial.

For the reasons stated I dissent and would modify the order appealed from to strike the words "with prejudice" from the first ordering paragraph and to strike the second and third ordering paragraphs in their entirety, with costs to appellants.

EAGER, STEUER and BERGAN, JJ., concur in *Per Curiam* opinion; STEVENS, J., dissents in opinion in which BREITEL, J. P., concurs.

Order, entered on April 18, 1962, affirmed, with $20 costs and disbursements to the respondents.