**ST. VINCENT'S HOSPITAL AND MEDICAL CENTER OF NEW YORK and ARA Hospital Food Management, Inc., Plaintiffs,**

v.

**DIVISION OF HUMAN RIGHTS OF the EXECUTIVE DEPARTMENT OF the STATE OF NEW YORK and Elizabeth Hart, Defendants.**

**No. 82 Civ. 7997 MP.**

United States District Court,
S.D. New York.

Dec. 28, 1982.

John Carey, Coudert Bros., New York City, for plaintiff, ARA Hosp. Food Management.

Howard G. Estock, Clifton, Budd, Burke & Demaria, New York City, for plaintiff St. Vincent's Hosp.

Abraham Borenstein, Flashner & Borenstein, New York City, for defendant Hart.

Ann Thacher Anderson, Gen. Counsel by Carol K. Demitz, New York City, for State Div. of Human Rights.

### Decision and Opinion

MILTON POLLACK, District Judge.

For the second time, issues arising out of Elizabeth Hart's claim of employment discrimination on the basis of age under Human Rights Law, N.Y. Executive Law, Art. 15, are before this Court. In order to understand the present action, a brief summary of the history of the action is necessary. *Prior Proceedings and Issue Before the Court*

Elizabeth Hart was the Director of Nutrition at St. Vincent's Hospital from 1963 until May of 1981 when she was terminated. On July 27, 1981 she filed a complaint with the Division of Human Rights of the Executive Department of the State of New York charging employment discrimination on the basis of age and sex. Hart's decision to file these claims with the agency constituted an election of remedies under Section 300 of the Human Rights Law, N.Y. Executive Law. This Section provides that claims under state employment discrimination law may be brought before the Division or in a Court but states that the decision to proceed in one forum precludes filing the claim in the other.

Nonetheless, while this complaint was pending, Hart commenced an action in New York State Court asserting claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.,* under state Human Rights Law, Section 297 and under state tort law on February 2, 1982. This case was removed to the United States District Court for the Southern District of New York and was assigned to this Court's docket designated 82 Civ. 1478. The only activity undertaken in this Court was initiated by the Hospital which moved to strike Hart's jury demand. This motion was never reached. The state and federal claims of employment discrimination were dismissed with prejudice upon the request of the plaintiff and without opposition from the hospital. The remaining state tort claims in the complaint other than the Age Discrimination in Employment Act charges, were remanded to the state court.

Plaintiffs in the present action seek a declaratory judgment under 28 U.S.C. § 2201 that the effect of the Court's Order dismissing Hart's state employment discrimination claim without opposition was to bar the continued investigation of that claim by the Division of Human Rights. On December 2, 1982, this Court ordered that the state administrative proceedings be stayed pending a study of the situation and that the defendants Hart and the Division of Human Rights show cause why the state administrative proceedings should not be declared barred by the federal court dismissal of the claim. The Division of Human Rights has moved to lift the stay and to dismiss the current suit. Hart has requested that attorney's fees and costs be awarded to her on dismissal of this proceeding.

For reasons that follow, the stay will be lifted and the complaint dismissed, but without costs or fees to any party.
*Subject Matter Jurisdiction over the Present Action*

Plaintiffs have attempted to base their claim of subject matter jurisdiction on several grounds. Clearly, the mere fact that the complaint seeks a declaratory judgment under 28 U.S.C. § 2201 does not create subject matter jurisdiction. *Skelly Oil v. Phillips Petroleum Co.,* 339 U.S. 667, 70

S.Ct. 876, 94 L.Ed. 1194 (1950). Also, plaintiffs cannot establish subject matter jurisdiction under 28 U.S.C. § 1343(4) as their complaint does not seek relief under the Age Discrimination Act or under any other Civil Rights statute as required by that Section.

■ Plaintiffs claim that jurisdiction is based upon the All Writs Statute, 28 U.S.C. § 1651, however, is valid. This Section provides that:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

The Second Circuit recently approved reliance on this Act as the basis for a district court's injunction of state court proceedings. In *Browning Debenture Holders' Com. v. DASA Corp.,* 605 F.2d 35, 40 (2d Cir.1978), the Court summarized the case before it as follows:

> Appellants raised in the federal court the claims which they now seek to relitigate in the state courts. Dismissal of these claims by the federal court ... was "on the merits." Further litigation of these claims is precluded by res judicata. The district court's injunction against pending and future state court proceedings manifestly is necessary "to protect or effectate [sic] its judgments" and is not barred by § 2283.

In *Browning, supra,* as in this case, the successful defendant in a prevailing action sought under the All Writs Statute to block further litigation on the state law claims in a state forum. *See Browning, supra* at 38. While the two cases are distinguishable on the question of whether the first action bars the state claims by reason of res judicata, the *Browning, supra,* opinion nonetheless supports the finding here made of jurisdiction to consider the res judicata effects of the former order.

*Res Judicata Effects of the Order of Dismissal*

■ The Order of the Court that dismissed Hart's state and federal age discrim-ination claims with prejudice must be analyzed to determine any res judicata effect. While this dismissal was voluntary, the case law on involuntary dismissals with prejudice provides helpful guidance in the evaluations of this effect.

In *Costello v. United States,* 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961), the Supreme Court considered the res judicata effect of dismissals under Rule 41(b). The Court noted:

> We do not discern in Rule 41(b) a purpose to change this common-law principle with respect to dismissals in which the merits could not be reached for failure of the plaintiff to satisfy a precondition.

*Id.* at 286, 81 S.Ct. at 545.

The Second Circuit has interpreted this language as stating that:

> The policy behind Rule 41(b) ... is to bar subsequent actions only in "situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them."

*Saylor v. Lindsley,* 391 F.2d 965, 969 (2d Cir.1968).

In this case, the dismissal was sought by Hart, the plaintiff, before the defendant had incurred the burden of preparing to meet the merits of the defense. In addition, the merits of the prior claim were not reached in federal court prior to the dismissal and Section 300 of New York State's Human Rights Law barred Hart from commencement of a lawsuit on her age discrimination claim after the filing of a complaint with the state Agency. Thus, as both of the elements of *Saylor* and *Costello* are satisfied, the dismissal of the claim, if it had been done under Rule 41(b), would not serve as a bar to further pursuit of the Agency proceeding.

The fact that the dismissal was undertaken voluntarily by Hart does not alter the above analysis. Clearly, the argument that the voluntary dismissal by Hart of the claim should not have res judicata effect is even stronger than that in the situation of

an involuntary dismissal as voluntary dismissal does not reflect any determination by the Court of any fact or issue before it. Thus, the reasoning of the Supreme Court and the Second Circuit should apply in the context of Rule 41(a).

The plaintiffs in this action, St. Vincent's Hospital and ARA Hospital Food Management, rely upon *Wainwright Securities Inc. v. Wall Street Transcript,* 80 F.R.D. 103 (S.D.N.Y.1978) for the claim that a voluntary dismissal with prejudice has the effect of a final adjudication on the merits. While the Court in *Wainwright* states this as the rule in the circumstances of that case, that case is totally distinguishable as it did not concern a situation in which the Court was unable to reach the merits of the action. Instead, the plaintiff in that case sought to withdraw an action which could reach the merits for business reasons of his own. Parenthetically, that case did not involve any discussion of the future res judicata effect of the dismissal.

The employers assert in this case that Hart's original state law claim was not procedurally barred by her failure to comply with Section 300. This argument flatly contradicts the answer of the employers to the first complaint filed by Hart where they did purport to rely on the procedural bar. Employers now argue that Hart's original state claim was not barred as when that claim was filed the Division of Human Rights was in default on its own statutory obligation to make a finding for or against probable cause and its own jurisdiction within 180 days of the filing of the complaint with the Division. Executive Law § 297(2). Thus, they state that Hart should have been excused from the obligation to select the forum in which to proceed exclusively. This argument has no merit.

While New York Courts will divest the Division of Human Rights of its jurisdiction to proceed with complaints when it is in default on the requirement that it respond within 180 days, the Courts have been explicit in limiting their use of this power to situations where the delay has been "egregious." *Tessey Plastics v. State Div. of Human Rights,* 62 A.D.2d 36, 403 N.Y.S.2d 946, 948 (4th Dept. 1978), *aff'd* 47 N.Y.2d 789, 417 N.Y.S.2d 926, 391 N.E.2d 1007 (1979). In the present case, the 180 day time requirement expired on January 27, 1982. Hart filed her complaint on February 2, 1982. Certainly, at the time the state court action was filed, the delay by the Agency was too slight to oust the Agency of its exclusive jurisdiction. In addition, even at the time of the Order dismissing the claims of Hart, the delay of the Agency was only a few months. The Court in *Tessey, supra,* found that a delay of several months was inadequate to bar the proceeding before the Agency. Thus, under New York law, Hart's state law claim was barred at the time it was both filed and dismissed. Thus, as the state claim was barred, this Court could not have reached the merits and the dismissal has no res judicata effect.

 The employers also argue that the dismissal of the Federal age discrimination claim with prejudice by the Order of this Court now bars the state agency proceeding due to the principles of collateral estoppel. This argument also fails. There can be collateral estoppel bars only of issues that were actually or necessarily litigated in the prior proceeding. *Drug Purchases, Inc. v. Dubroff,* 485 F.Supp. 887 (S.D.N.Y.1980). Clearly, the inability of the Court to reach any issues makes this argument incorrect. As no issue was actually litigated or could even have been litigated, there can be no bar of the Agency proceeding. Also, note that there is no claim preclusion as a result of the dismissal of the federal claim. Claim preclusion operates only with respect to causes of action that were brought or which could have been brought in a prior action in which there was a final judgment on the merits. *Drug Purchase, supra* at 889. Here, Hart could not properly have brought her state claim with the federal one as it was procedurally barred. This Court did not intend that as a consequence of the dismissal. Thus, the dismissal of the federal claim cannot bar the state agency proceeding.

■ Thus, the Order of this Court dismissing the claims of age discrimination does not bar the Agency proceeding. Just as involuntary dismissal cannot bar future actions when a court dismisses an action for failure of the plaintiff to satisfy a precondition of suit which will prevent it from reaching the merits, so a voluntary dismissal by a plaintiff upon realizing the failure to satisfy a precondition of suit cannot bar an already pending administrative claim. Here, as Hart withdrew her first action for failure to comply with Section 300 of the State's Executive Law and before the defendant employer had undertaken to establish the merits of its defense to the claim, that Order carries no consequence against the administrative proceeding pending before the Division of Human Rights.

*Should the Failure to Comply with State Procedural Requirements Bar the Continuance of the Action before the Division?*

In their request for declaratory relief, the employers rely on the separate claim that the failure of Hart to comply with Section 300 of New York's Human Rights Law should bar her proceeding pending before the Division. The employers state that this provides a separate ground for enjoining the Division's proceedings.

The All Writs Statute does not allow this Court to enjoin the state administrative proceeding on the ground asserted. That Statute only allows courts to issue writs in aid of their jurisdictions. Given that the Order of this Court has no res judicata effect on the Division's proceedings, no writ is necessary to protect this Court's jurisdiction or to enforce any Order.

■ Moreover, as there is no federal element of any kind in this alternative ground for relief, there is no independent basis for jurisdiction. The employers' argument is that the state Division proceeding should be enjoined as Hart failed to comply with a state law requirement and filed a complaint in state court regarding her state claim. As no independent basis for federal subject matter jurisdiction exists, this Court could entertain it only if pendent jurisdiction were present. Even if such jurisdiction is present, it would be inappropriate to exercise it in this instance. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1965) stated that:

It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right... Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footing reading of applicable law... Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

It is proper to dismiss the declaratory claim at this point since a construction of the purpose of the discontinuance with prejudice was to recognize the bar of Section 300 against subsequently commenced litigation. The plaintiff's non-compliance with Section 300 did not invalidate the prior commenced agency proceeding since the merits of the lawsuit were never reached in any Court. Moreover, to the extent that the question is regarded as solely for state resolution, such a pendent matter should not be decided as part of this declaratory judgment suit.

*Conclusion*

For the foregoing reasons, the Division of Human Rights' and Hart's motion to dismiss the declaratory judgment complaint is granted. The defendant Hart's request for attorney's fees is denied.

The foregoing is not intended to reflect any opinion on the merits. However, the Court is concerned with what appears as attempted pressure and harassment on the part of Hart by multiple proceedings with the obvious appearance of using such tactics where the merits of a claim are doubtful.

SO ORDERED.