■ ALVIN WILSON et al., Respondents-Appellants, v CITY OF LONG BEACH et al., Appellants-Respondents.—In an action for specific performance of contracts to convey real property, the defendants appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.), entered December 3, 1986, as granted the plaintiffs' cross motion for summary judgment, and denied, in part, the defendants' motion for summary judgment, and (2) from an order of the same court dated February 26, 1987, which denied the defendants' motion to resettle the order entered December 3, 1986, and the plaintiffs cross-appeal from so much of the order entered December 3, 1986, as declared a portion of a modification agreement dated November 7, 1984, null and void.

Ordered that the cross appeal from the order entered December 3, 1986, is dismissed as abandoned; and it is further,

Ordered that on the appeal by the defendants, the order entered December 3, 1986, is modified, by deleting the fourth and fifth decretal paragraphs thereof and so much of the third decretal paragraph as dismissed the second affirmative defense and counterclaim and substituting therefor a provision denying the plaintiff's cross motion for summary judgment except insofar as it was to dismiss the third affirmative defense and counterclaim; as so modified, the order entered December 3, 1986, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated February 26, 1987 is dismissed as academic, and because no appeal lies from an order denying resettlement *(see, Blume v Blume,* 124 AD2d 771); and it is further,

Ordered that the defendants are awarded one bill of costs.

Contrary to the plaintiffs' contention, we conclude that the contracts for the sale of real property entered into between the plaintiffs as purchasers and the defendants as sellers, gave the defendants the right to terminate the contracts if the plaintiffs did not act in good faith and with due diligence in obtaining the necessary permits and financing for the project. The record on appeal raises an issue of fact concerning whether the plaintiffs acted properly under the agreements. Therefore, a trial is warranted to resolve this issue.

We further note that even if, after trial, it is determined that the plaintiffs acted in good faith under their contracts, they are not entitled to specific performance unless they can demonstrate that they were ready, willing and able to perform their obligations thereunder on the day that the defendants attempted to terminate the contracts (see, e.g., Jewell v Rowe, 119 AD2d 634, 635; Huntington Min. Holdings v Cottontail Plaza, 96 AD2d 526, affd 60 NY2d 997). Since there is a question of fact as to whether the plaintiffs could fulfill their contractual obligations, this matter must be resolved at trial. Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.