■ RUTH RADVANY, Appellant, v ANDREW M. JONES, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered May 2, 1991, which, *inter alia,* granted defendant's motion to dismiss the complaint, is unanimously reversed, on the law, the complaint reinstated, and the matter remanded for further proceedings, without costs.

In this action to recover damages for intentional infliction of emotional distress, plaintiff asserts that defendant engaged in a continuing pattern of abuse and harassment toward her when they were both employed, he as Principal and she as Assistant Principal, at Julia Richman High School. The complaint, which asserts one cause of action, names defendant solely in his individual capacity.

Defendant's actionable conduct is alleged to have begun after plaintiff reported to him that a teacher under her direct supervision had altered students' examination answers on a New York State Regents Mathematics examination. Plaintiff contends that defendant took no action with respect to her charge, and instead became openly hostile and began a course of conduct against her that included engaging in, or directing others to engage in, such acts as placing a dead pigeon in plaintiff's school mailbox (located within defendant's office); vandalizing plaintiff's car on at least two occasions while it was parked in the school parking lot; and directing one school staff member not to drive plaintiff to work and others to ostracize her, generally.

At issue on appeal is the question of whether the actions attributed to defendant were undertaken in the discharge of his duties as school Principal and, thus, if proved, would require the school district to indemnify him for tortious behavior. If the pattern of abuse described was, in fact, engaged in as part of defendant's employment, then plaintiff was required to serve a notice of claim upon the New York City Board of Education as a condition precedent to commencing this action. (Education Law § 3813 [2]; General Municipal Law § 50-i.)

Education Law § 3813 (2) specifies, in pertinent part, as follows: "[N]o action or special proceeding founded upon tort shall be prosecuted or maintained * * * against any teacher or member of the supervisory or administrative staff or employee where the alleged tort was committed by such teacher or member or employee acting in the discharge of his duties within the scope of his employment and/or under the direction of the board of education, trustee or trustees, or governing body of the school unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law."

The purpose of this provision is to accord a school district the opportunity to promptly investigate claims which, if established, will obligate it to indemnify an employee (see, Parochial Bus Sys. v Board of Educ., 91 AD2d 13, affd 60 NY2d 539). Under the provisions of General Municipal Law § 50-k (3), however, the municipality's "duty to indemnify and save harmless * * * shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee" (emphasis added). Thus, it is only where the municipal entity has an obligation to reimburse its employee for the offending conduct that it must receive notice of the claim (see, Widger v Central School Dist. No. 1, 20 AD2d 296; Stearns v Board of Educ., 137 NYS2d 711).

Our examination of this record leads us to conclude that the intentional wrongdoing which forms the basis of the allegations against defendant did not constitute conduct within the scope of his employment and, therefore, defendant is not required to be indemnified by the Board of Education (see, General Municipal Law § 50-k [3]). The allegations contained in the complaint, and filed against defendant as an individual, assert that he maliciously engaged in a willful course of conduct designed to inflict emotional distress upon plaintiff, and did so through conduct bearing no relation to the proper discharge of his duties or to any legitimate goal of the Board of Education. There simply is nothing in the described acts of hostility, retribution, vandalism, and intimidation which may be required or expected of a high school principal, and we accordingly hold that plaintiff may pursue her claims against defendant in his individual capacity. Concur—Murphy, P. J., Carro, Ellerin, Kassal and Rubin, JJ.