■ KATHLEEN PURGATORIO, as Executrix of THOMAS PURGATORIO, Deceased, et al., Appellants, v DONALD TRUMP et al., Respondents. [603 NYS2d 462] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered October 24, 1991, which granted, in part, defendants' motion to dismiss and denied plaintiffs' cross-motion for summary judgment under Index No. 6328/90, and order, same court and Justice, entered March 27, 1992, which granted defendants' motion to dismiss the complaint under Index No. 16496/91 to the extent of dismissing the action against Donald Trump, individually, granted plaintiffs' motion to consolidate the action under Index No. 16496/91 with the action under Index No. 6328/90 to the extent of consolidating the actions under the earlier index number, dismissing the consolidated action as against Donald Trump, striking his name from the caption, and ordering that the consolidated action be subject to a prior order and stay previously granted, denied plaintiffs' motion for partial summary judgment on the basis of the court's prior order and stay, denied defendants' motion for sanctions, and denied plaintiffs' motion for a default judgment against Donald Trump, unanimously modified, on the law and the facts, to the extent of striking those portions of the order entered March 27, 1992 dismissing the complaint and consolidating the action, and substituting the following decretal paragraphs,

"ORDERED, that the Motion to Consolidate the action under Index No. 16496/91 with the action under Index No. 6328/90 is granted to the extent that the actions are to be consolidated under the earlier index number; and it is further

"ORDERED, that defendants' Motion to dismiss the Complaint

under Index No. 16496/91 is granted to the extent that the action is dismissed against Donald Trump individually on forum non conveniens grounds, upon the condition that Donald Trump submit to service of process in the action to be instituted in the State of New Jersey or as an additional party in the New Jersey action and does not assert therein the defense of the statute of limitations or other jurisdictional defenses, and otherwise complies with the prior order of said court entered on or about June 18, 1991", without costs.

Generally speaking, an order dismissing an action on a ground not involving the merits does not bar commencement of a new action, but is res judicata only with respect to that which it actually determined (see, De Ronda v Greater Amsterdam School Dist., 91 AD2d 1088, 1089). Here, the IAS Court previously determined that New York is an inconvenient forum in which to try the liability aspect of plaintiffs' claims. When a complaint is dismissed on forum non conveniens grounds, it is "dismissed with prejudice", precluding plaintiffs from further presenting their claims in courts of this State (Brown v Bullock, 17 AD2d 424, 428). Thus, plaintiffs are precluded from attempting to address the merits of the action.

However, it appears, as recognized by the IAS Court, that the basis for the second action in New York was to obtain jurisdiction over Donald Trump as an individual partner of Trump Castle Associates, inasmuch as the prior order appears to have been rendered without personal jurisdiction having been obtained. Thus, that portion of the prior order directing that he be added as a party in the New Jersey action "without further order" is of no effect. The practical effect of the consolidation, therefore, should have been to obtain jurisdiction over Donald Trump individually, retain it for the damage portion of the action, and transfer it for a determination of liability to New Jersey, while at the same time, making Donald Trump amenable to service in the New Jersey action, without the benefit of the statute of limitations or other jurisdictional defenses. For the sake of clarity, we modify accordingly. Concur—Murphy, P. J., Kassal, Rubin and Nardelli, JJ.