Anita D'ANGELO, individually, as Legal Guardian of Anita Jean Yglesias, Infant, and as Administratrix of the Estate of Sonia Yglesias, Plaintiff,

v.

The CITY OF NEW YORK; Montefiore Medical Center; Alvin J. Glick, M.D., as a physician and/or psychiatrist assigned to the Rikers Island Correctional Facility; The New York City Health and Hospitals Corporation; Mount Sinai School of Medicine; Jeffrey Menkes, as Executive Director of the Psychiatric Ward at the City Hospital Center at Elmhurst; Stanley Brodsky, M.D., as Medical Director of the Psychiatric Ward at the City Hospital Center at Elmhurst; Ety Mendelovici, M.D., Alfonso Vanagas, M.D., and Alan Sandman, M.D., as physicians and/or psychiatrists assigned to the Psychiatric Ward at the City Hospital Center at Elmhurst; Mary Kelley,

Cynthia Bailey, Ella Johnson, Enola Ryan, Amelia Flores and Elvira Griffith, as nurses assigned to the Psychiatric Ward at the City Hospital Center at Elmhurst, individually and in their official capacities, Defendants.

No. 94 Civ. 8109 (JES).

United States District Court, S.D. of New York.

May 28, 1996.

Koob & Magoolaghan, New York City, for Plaintiff; Joan Magoolaghan, of counsel.

Heidell, Pittoni & Murphy & Bach, P.C., New York City, for Defendant; Austa S. Devlin, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Pursuant to 42 U.S.C. § 1983, on November 8, 1994, plaintiff Anita D'Angelo, individually, as legal guardian of Anita Jean Yglesias, and as administratrix of the estate of Sonia Yglesias filed the instant action asserting constitutional claims and pendent state claims of wrongful death and fraud. Plaintiff's claims arise out of the death of incarcerated prisoner Sonia Yglesias in 1982 while in the custody and care of defendants. Plaintiff alleges that defendants violated Yglesias's and plaintiff's constitutional and statutory rights by, *inter alia*, acting with deliberate indifference to Yglesias's serious medical needs and by fraudulently concealing the nature and cause of Yglesias's death. Plaintiff further alleges that they first learned of the true facts and circumstances surrounding Yglesias's death on or about December 16, 1991 when a newspaper article on Yglesias's death was published.

Pursuant to Federal Rule of Civil Procedure 56, defendants move for summary judgment on various grounds. Counsel for all parties appeared before this Court for Oral Argument on February 9, 1996, and for supplemental Oral Argument on April 19, 1996. For the reasons that follow, defendants' motion is granted as to the fraud and wrongful death claims and denied as to the § 1983 claims.

■ Defendants first argue that plaintiff's § 1983 claims are barred by the statutes of limitations. Defendants contend that plaintiff's § 1983 claims accrued in 1982 when Yglesias died and expired three years thereafter. *See Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Defendants further assert that assuming defendants concealed the cause of Yglesias's death, under the fraudulent concealment doctrine set forth in N.Y.Civ.Prac.L. & R. § 203(g) (McKinney 1990), the § 1983 claims were tolled until their alleged discovery on Decem-

ber 16, 1991 and expired two years later.[1] Therefore, defendants contend that plaintiff's § 1983 claims, filed November 8, 1994, are untimely.

In support of their argument that § 203(g) applies, defendants cite *Cestaro v. Mackell*, 429 F.Supp. 465 (E.D.N.Y.1977), *aff'd by summary order*, 573 F.2d 1288 (2d Cir.1977). In *Cestaro*, the court applied the fraudulent concealment tolling provision set forth in § 203(g) to hold that a § 1983 claim filed more than two years after a plaintiff could have reasonably discovered that he had a § 1983 claim was untimely. *Id.* However, no case in this circuit since *Cestaro* has held that § 203(g) governs the tolling of § 1983 claims where there is an allegation of fraudulent concealment.

■ Instead, more recent decisions in this circuit have treated the issue of when a cause of action accrues in § 1983 actions as an issue to be resolved by federal, not state, law. See *Pinaud v. County of Suffolk*, 52 F.3d 1139 (2d Cir.1995); *Dory v. Ryan*, 999 F.2d 679 (2d Cir.1993), *modified on other grounds*, 25 F.3d 81 (2d Cir.1994); *Barrett v. United States*, 689 F.2d 324 (2d Cir.1982), *cert. denied*, 462 U.S. 1131, 103 S.Ct. 3111, 77 L.Ed.2d 1366 (1983). Under the federal law of accrual, to be entitled to summary judgment, defendants must establish that no genuine issue of material fact exists as to whether plaintiff could, with the exercise of reasonable diligence, have been aware of the claim within three years of the filing of this complaint on November 8, 1994. *See* Fed. R.Civ.P. 56(c). Since a rational jury could conclude that plaintiff could not have reason-

ably been aware of this claim until December 16, 1991, defendants' motion must be denied.

■ Similarly, there are also genuine issues of material fact as to whether the federal fraudulent concealment doctrine tolls the statute of limitations on plaintiff's § 1983 claims. Under the federal fraudulent concealment doctrine, the statute of limitations would be tolled until the plaintiff could reasonably have discovered the injury and its cause, here arguably on December 16, 1991, and would expire three years thereafter. See *Pinaud*, 52 F.3d at 1157; *Keating v. Carey*, 706 F.2d 377, 381–82 (2d Cir.1983); *Eisert v. Town of Hempstead*, 918 F.Supp. 601, 608 (E.D.N.Y.1996); *Rodriguez v. Village of Island Park, Inc.*, No. 89 CV 2676, 1991 WL 128568, at *9 (E.D.N.Y. July 2, 1991). It follows that defendants' motion must be denied for this reason as well.

■ However, plaintiff's wrongful death claims are barred by the statute of limitations.[2] Generally, the statute of limitations for a wrongful death claim expires two years after the date of the decedent's death, here August 4, 1982. *See* N.Y. Est. Powers & Trusts Law § 5–4.1 (McKinney 1981). Where, as here, a guardian was appointed for the Yglesias's infant child Anita Yglesias who is the sole estate distributee, the statute of limitations for a wrongful death claim is tolled until the appointment of her guardian on June 4, 1992, more than two years prior to the filing of these claims.[3] *See Hernandez v. NYCHHC*, 78 N.Y.2d 687, 578 N.Y.S.2d 510, 513, 585 N.E.2d 822, 825 (1991); *Kemp v. City of New York*, 617 N.Y.S.2d 801, 803, 208

---

**1.** N.Y.Civ.Prac.L. & R. § 203(g) provides, in pertinent part:

> where the time within which an action must be commenced is computed from the time when facts were discovered or from the time when facts could with reasonable diligence have been discovered, or from either of such times, the action must be commenced within two years after such actual or imputed discovery or within the period otherwise provided, computed from the time the cause of action accrued, whichever is longer.

N.Y.Civ.Prac.L. & R. § 203(g) (McKinney 1990).

**2.** It should be noted that plaintiff did not address in her briefs or at oral argument defendants'

argument that her wrongful death claims are barred by the statute of limitations.

**3.** The statute of limitations for a wrongful death claim is *not* tolled pending the issuance of letters of administration. *See Baez v. NYCHHC*, 80 N.Y.2d 571, 592 N.Y.S.2d 640, 607 N.E.2d 787 (1992); *Hammie v. City of New York*, 143 A.D.2d 805, 533 N.Y.S.2d 329 (N.Y.App.Div.1988); *Brennan v. City of New York*, 88 A.D.2d 871, 452 N.Y.S.2d 36 (N.Y.App.Div.1982), *aff'd*, 59 N.Y.2d 791, 464 N.Y.S.2d 731, 451 N.E.2d 478 (1983). Therefore, the issuance of letters of administration to plaintiff on April 2, 1993 has no relevance to the issue of whether the claim is barred by the statute of limitations.

A.D.2d 684 (N.Y.App.Div.1994); Amended Complaint ("Am.Compl.") ¶ 3.

■ In addition, plaintiff's fraud claims are barred by the statute of limitations. The statute of limitations for a fraud claim is the longer of six years from the date of commission of the fraud or two years from the date of discovery of the fraud. N.Y. Civ. Prac. L. & R. § 213(8) (McKinney 1990); *see, e.g., Baratta v. ABF Real Estate Co., Inc.,* 627 N.Y.S.2d 52, 215 A.D.2d 518 (N.Y.App.Div. 1995). Here, plaintiff alleges that in 1982 defendants misrepresented the cause of her death to Yglesias's family and others. Am. Compl. ¶¶ 91–95. In addition, plaintiff alleges that at some time between 1982 and 1985, defendants fraudulently altered Yglesias's medical records in an effort to conceal the cause of Yglesias's death or their role therein. *Id.* ¶ 77. Finally, plaintiff alleges that between 1980 and 1986, defendants fraudulently withheld from the New York Mental Hygiene Department ("NYMHD") facts relevant to the NYMHD's investigation into Yglesias's death, and fraudulently withheld from plaintiff the results of that investigation. *Id.* ¶¶ 97, 102–04, 107–08, 111. Plaintiff has alleged no factual basis to support a rational inference that defendants committed fraud on or after November 8, 1988. Moreover, the last date which plaintiff claims she could have reasonably discovered the fraud, December 16, 1991, is more than two years from the date the complaint was filed. It follows that plaintiff's fraud claims are time barred.[4]

■ Defendants' motion for summary judgment on the ground that plaintiff cannot establish that defendants, including the Montefiore Medical Center and Mount Sinai School of Medicine and its medical staff, acted "under color of state law," *see* 42 U.S.C. § 1983 (1994), must be denied because defendants have failed to meet their burden of establishing that no genuine issue of material fact exists as to that issue.[5] *See West v. Atkins,* 487 U.S. 42, 54, 56, 108 S.Ct. 2250, 2258, 2259, 101 L.Ed.2d 40 (1988) ("Whether a physician is on the state payroll or is paid by contract, the dispositive issue concerns the relationship among the State, the physician, and the prisoner. Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights."); *see also Toombs v. Bell,* 915 F.2d 345, 347–48 (8th Cir.1990); *Faucher v. Rodziewicz,* 891 F.2d 864, 868 (11th Cir.1990); *Jatoi v. Hurst–Euless–Bedford Hosp. Auth.,* 807 F.2d 1214, 1221 (5th Cir.1987), *modified on denial of reh'g,* 819 F.2d 545 (5th Cir.1987), *cert. denied,* 484 U.S. 1010, 108 S.Ct. 709, 98 L.Ed.2d 660 (1988).

■ Moreover, defendants' motion for summary judgment on the ground that plaintiff fails to state a cognizable constitutional claim must likewise be denied. The Court finds that defendants have failed to meet their burden of establishing that plaintiff has alleged no facts affording a rational inference that defendants violated Yglesias's constitutional rights, *inter alia,* to be free from cruel and unusual punishment, *see Estelle v. Gamble,* 429 U.S. 97, 105–06, 97 S.Ct. 285, 291–92, 50 L.Ed.2d 251 (1976); *Gill v. Mooney,* 824 F.2d 192, 196 (2d Cir.1988); *Doe v. New York City Dep't of Social Servs.,* 649 F.2d 134, 143, 145 (2d Cir.1981), *reaff'd* 709 F.2d 782 (2d Cir.1983), *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983), or to due process. *See West,* 487 U.S. at 58, 108 S.Ct. at 2260 (Scalia, J., concurring) ("[A] physician who acts on behalf of the State to provide needed medical attention to a person involuntarily in state custody (in prison or elsewhere) and prevented from otherwise obtaining it, and who causes physical harm to such a person by deliberate indifference, vio-

---

4. Plaintiff argues that the statutes of limitations on the fraud claims were tolled pending the issuance of letters of administration on April 2, 1993, and expired two years later on April 2, 1995. However, the Court is aware of no authority, and plaintiff cites none, supporting her argument that the statute of limitations is tolled pending the issuance of letters of administration.

5. Indeed, defendants failed to offer any competent evidence, by way of affidavit or otherwise, to establish that no genuine issue of material fact exists as to the state action issue.

lates the Fourteenth Amendment's protection against the deprivation of liberty without due process.") (citing *Youngberg v. Romeo*, 457 U.S. 307, 315, 102 S.Ct. 2452, 2457, 73 L.Ed.2d 28 (1982)); *Barrett v. United States*, 689 F.2d 324 (2d Cir.1982).

Defendants further argue that, under the doctrine of res judicata, plaintiff's § 1983 claims are barred by the dismissal of two state court actions in which plaintiff could have raised the instant § 1983 claims, but did not. In 1994, plaintiff filed an action in New York Supreme Court, Kings County against the New York City Health and Hospitals Corporation ("NYCHHC") and the City of New York, claiming medical malpractice, negligence and wrongful death arising out of Yglesias's death. Defendants' Statement Pursuant to Local Rule 3(g) ("Defs.' 3(g) Stmt.") ¶ 1. Apparently, plaintiff had not filed a timely notice of claim, a prerequisite for instituting state claims against New York City and the NYCHHC. By order dated June 28, 1994, the New York Supreme Court, Kings County denied plaintiff's motion for leave to file a late notice of claim (the "June 28, 1994 order"). *Id.* ¶ 3. By order dated July 17, 1995, the Appellate Division, Second Department ("Second Department") granted defendants' unopposed motion to dismiss plaintiff's appeal from the June 28, 1994 order for failure to prosecute. Defs.' 3(g) Stmt., Exh. E–1.

On July 28, 1994, plaintiff served defendants New York City, NYCHHC, and certain individual defendants herein with a summons and complaint in a related action in New York Supreme Court, Queens County asserting state claims of, *inter alia*, negligence, malpractice and wrongful death. *Id.* ¶ 7 & Exh. F. While the instant action was pending and in light of the Second Department's dismissal of the Kings County action, counsel for plaintiff and defendants entered into an attorneys' stipulation discontinuing the Queens County action "with prejudice" on October 23, 1995 (the "October 23, 1995 stipulation"). Defs.' 3(g) Stmt., Exh. J–1.

The doctrine of res judicata bars the subsequent litigation of claims which were raised or could have been raised in a previous action in which a court of competent jurisdiction rendered a final judgment on the merits. *See Heimbach v. Chu*, 744 F.2d 11 (2d Cir.1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1842, 85 L.Ed.2d 141 (1985); *Saylor v. Lindsley*, 391 F.2d 965, 968 (2d Cir.1968). Pursuant to Title 28 U.S.C. § 1738, a federal court must give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state in which they were rendered. *See* 28 U.S.C. § 1738 (1994); *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

Generally, dismissal of an action for failure to satisfy a condition precedent is not "on the merits" for res judicata purposes. *See Costello v. United States*, 365 U.S. 265, 286, 81 S.Ct. 534, 545, 5 L.Ed.2d 551 (1961) (dismissal of immigration proceeding on ground of government's failure to file statutorily required affidavit of good cause was not "on the merits"); *Saylor*, 391 F.2d at 969 (dismissal for failure to prosecute due to inability to meet security bond precondition to suit not res judicata because defendant never forced to prepare to defend on merits).

This is especially true where, as here, defendants seek to bar plaintiff's § 1983 claims which are not subject to the notice of claim requirement, *see Felder v. Casey*, 487 U.S. 131, 141, 108 S.Ct. 2302, 2308, 101 L.Ed.2d 123 (1988); *Finley v. Giacobbe*, 827 F.Supp. 215, 219 (S.D.N.Y.1993), and indeed were never even asserted in the state court action which was dismissed for failure to file a notice of claim. It follows that the Second Department's dismissal of plaintiff's appeal "with prejudice" is no bar to plaintiff's § 1983 claims. *See Brown v. Bullock*, 235 N.Y.S.2d 837, 841, 17 A.D.2d 424 (N.Y.App. Div.1962); *see also Saylor*, 391 F.2d 965 (2d Cir.1968); *St. Vincent's Hosp. and Medical Cent. v. Div. of Human Rights*, 553 F.Supp. 375, 378–79 (S.D.N.Y.1982); *cf. Felder*, 487 U.S. at 139–41, 108 S.Ct. at 2307–08.

Defendants likewise failed to carry their burden of establishing that the October 23, 1995 stipulation constituted a disposition "on the merits" sufficient to preclude the § 1983 claims. *See Brown*, 235 N.Y.S.2d at 841, 17 A.D.2d 424; *see also Stacey O. v.*

*Donald P.,* 525 N.Y.S.2d 385, 137 A.D.2d 965 (N.Y.App.Div.1988); *In re Estate of Horton,* 379 N.Y.S.2d 569, 51 A.D.2d 856 (N.Y.App. Div.1976). In light of the fact that the Kings County action was untenable due to plaintiff's failure to file a timely notice of claim, the parties, fully aware that the § 1983 claims were being prosecuted in federal court, stipulated to the dismissal of the action "with prejudice."[6] *See St. Vincent's Hosp.,* 553 F.Supp. at 378.

To hold that plaintiff's § 1983 claims are barred merely because the phrase "with prejudice" is often equated with "on the merits" would frustrate the intent of the parties as well as the purpose of the rules of preclusion as defined under New York law. *See Stacey O.,* 137 A.D.2d at 965 ("Even where a dismissal is specifically "on the merits" or "with prejudice", the circumstances must warrant barring the litigant from further pursuit of his claim in order for those phrases to be given preclusive effect.") (citations omitted); *Brown,* 17 A.D.2d at 428 (dismissal "with prejudice" is not automatically "on the merits"). This is especially true where, as here,

6. Defendants' reliance on *Forte v. Kaneka Am. Corp.,* 493 N.Y.S.2d 180, 110 A.D.2d 81 (N.Y.App.Div.1985), in which a stipulation of discontinuance with prejudice was given preclusive effect, is misplaced. In *Forte,* unlike here, the parties clearly intended to preclude subsequent litigation of issues which could have been raised in the state court action by stipulating to discontinue with prejudice "all claims and causes of action that are asserted *or could have been asserted* arising out of the transactions set forth in the complaint." *Id.* at 81, 85, 104 S.Ct. at 896, 898 (emphasis added).

7. Specifically, General Municipal Law § 50–e(1)(a) provides, in pertinent part:
   In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general construction law, or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises; except that in wrongful death actions, the ninety days shall run from the appointment of a representative of the decedent's estate.
   N.Y.Gen.Mun.Law § 50–e(1)(a) (McKinney 1986).

8. General Municipal Law § 50–e(1)(b) provides, in pertinent part:

defendants were never put to the burden of defending on the merits in either state action. *See Saylor,* 391 F.2d at 969; *St. Vincent's Hosp.,* 553 F.Supp. at 378–79.

■ Defendants' motion for summary judgment on the ground that the pendent state law claims must be dismissed because plaintiff failed to file a timely notice of claim must be denied. Pursuant to New York General Municipal Law § 50–e, a plaintiff asserting a state tort claim against the City of New York, its agencies, the NYCHHC, or officers, appointees or employees of a public corporation, must ordinarily file a notice of claim within ninety days of the alleged injury.[7] N.Y.Gen.Mun.Law § 50–e (McKinney 1986). However, a plaintiff asserting state tort claims against defendants who are employees of the City of New York or the NYCHHC in their individual capacity must file a notice of claim only if the individual defendant is found to be statutorily entitled to indemnification by the City of New York for the claims asserted. *See* N.Y.Gen.Mun. § 50–e(1)(b) (McKinney 1986).[8]

Service of the notice of claim upon an officer, appointee or employee of a public corporation shall not be a condition precedent to the commencement of an action or special proceeding against such person. If an action or special proceeding is commenced against such person, but not against the public corporation, service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or other provision of law.
N.Y.Gen.Mun.Law § 50–e(1)(b) (McKinney 1986). In addition, General Municipal Law § 50–k(3) provides, in relevant part:
[New York] city shall indemnify and save harmless its employees in the amount of any judgment ... or ... of any settlement ..., provided that the act or omission from which such judgment or settlement arose occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained; the duty to indemnify and save harmless prescribed by this subdivision shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee.
N.Y.Gen.Mun.Law § 50–k(3) (McKinney 1986).

Here, plaintiff contends that she asserts no state tort claims against the City of New York, its agencies or the NYCHHC, *see* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment filed June 15, 1995 at 14 n. 9, 17, and therefore no notice of claim is required. *See Radvany v. Jones,* 585 N.Y.S.2d 343, 184 A.D.2d 349 (N.Y.App.Div.1992) (holding notice of claim not required where city not statutorily required to indemnify principal for intentional torts committed outside scope of duties); *Kramer v. City of New York,* 556 N.Y.S.2d 287, 290, 157 A.D.2d 404 (N.Y.App. Div.1990) (notice of claim not required for fraud claim against city physician). Because the Court finds that defendants have failed to establish that no genuine issue of material fact exists as to whether the state claim defendants are statutorily entitled to indemnification,[9] defendants' motion for summary judgment on the ground that plaintiff failed to file a notice of claim must be denied. *See Albano v. Hawkins,* 440 N.Y.S.2d 327, 328, 82 A.D.2d 871 (N.Y.App.Div.1981) (denying summary judgment where factual issues exist as to bus authority's duty to indemnify driver).

## CONCLUSION

For the reasons set forth above and on the Record at the Oral Arguments, defendants' motion for summary judgment shall be and hereby is granted as to plaintiff's fraud and wrongful death claims, and denied in all other respects. It is further ordered that all parties shall complete all discovery on or before August 30, 1996, and a Pre–Trial Conference shall be held on September 13, 1996 at 10:30 a.m. in Courtroom 705.

---

9. Indeed, defendants submit no facts in support of their motion which would refute plaintiff's contention that the state claim defendants are not officers, appointees or employees of a public corporation nor otherwise statutorily entitled to indemnification.