OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The New York City Health and Hospitals Corporation (NYCHHC) is a public benefit corporation, independent of the City of New York (L 1969, ch 1016, § 1 [New York City Health and Hospitals Corporation Act, § 4, subd 1]; Bender v New York City Health & Hosps. Corp., 38 NY2d 662). That it is denominated an “agency” of the city for purposes of section 50-k of the General Municipal Law, thus entitling its officers and employees to legal representation and indemnification at the expense of the corporation for acts performed within the scope of duty, does not change the status of NYCHHC. To the contrary, that provision reinforces the conclusion that for purposes other than representation and indemnification NYCHHC is not an agency of the city.
The action for the death of plaintiffs’ decedent was, therefore, required to be commenced within one year and 90 days after April 3,1979, the date of his death. Section 20 of the New York City Health and Hospitals Corporation *793 Act being the provision specifically applicable to an action against NYCHHC, the two-year general limitation period for wrongful death actions established by EPTL 5-4.1 is inapplicable, as also (assuming without deciding that it applies to an action accruing before its effective date) is the two-year provision of section 50-i of the General Municipal Law, as amended by chapter 738 of the Laws of 1981.
Notice of claim for plaintiffs’ decedent’s death was likewise required to be filed within 90 days after death, except as subdivision 5 of section 50-e of the General Municipal Law may have permitted extension of that period by court order.* Subdivision 5, however, explicitly provides that “The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation” — in NYCHHC’s case, one year and 90 days.
To argue as to plaintiffs that because accrual of the cause of action is used in section 20 as the time from which both filing of the notice of claim and commencement of the action is measured, and because under section 50-e of the General Municipal Law filing of a notice of claim within 90 days after appointment of a representative has been held permissible, the time for commencement of the action runs from appointment of a representative but, because of EPTL 5-4.1, cannot extend beyond two years after date of death, is to invert the legislative intent. More logical is it to conclude that the Legislature intended the period of limitations as to NYCHHC to be one year and 90 days as it had explicitly provided (cf. Erickson v Town of Henderson, 30 AD2d 282, 285), and that the notice of claim be filéd within 90 days of death, except as cases such as Erickson and Joseph v McVeigh (285 App Div 386, affd 309 NY 877) ameliorated the notice of claim requirement for a personal representative not appointed in time to comply. Supportive of the conclusion reached is the absence from section 20 of any reference to EPTL 5-4.1, of which the Legislature, of course, was aware. Had it intended its two-year limitation period to furnish the cutoff date, it could have accom *794 plished that end by a simple cross reference to the latter section.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
Order affirmed, with costs, in a memorandum.

 Effective September 1,1981, chapter 738 of the Laws of 1981 amended section 50-e (subd 1, par [a]) to authorize filing as of right of a notice of claim within 90 days after appointment of a representative of decedent’s estate.