■ JOHN J. BAUMANN, Respondent, v ROGER DEE, Appellant. — In a medical malpractice action, the defendant appeals from an order of the Supreme Court, Suffolk County (Orgera, J.), dated April 7, 1983, which denied his motion to dismiss the complaint. ¶ Order reversed, on the law, with costs, motion granted and complaint dismissed. ¶ While the dismissal of a complaint under CPLR 3126 is a harsh remedy for failure to comply with a court order for discovery, it is nonetheless called for under the circumstances of this case. Plaintiff's failure to comply with the original order to disclose and the two subsequent conditional orders must be characterized as willful or contumacious (cf. *Citizens Sav. & Loan Assn. v New York Prop. Ins. Underwriting Assn.,* 92 AD2d 907). Plaintiff's conduct indicates an utter disregard of any reasonable standards of diligence and at no point was there any showing that his claim was meritorious. Accordingly, defendant is entitled to a dismissal of the complaint. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.

■ REBA BRANN, as Administratrix of the Estate of HERBERT W. BRANN, Deceased, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. — In an action, *inter alia,* to recover damages for wrongful death, defendants City of New York and New York City Health and Hospitals Corporation appeal from so much of an order of the Supreme Court, Queens County (Hyman, J.), dated September 30, 1982, as denied their motion to dismiss the cause of action for wrongful death. ¶ Order reversed insofar as appealed from, on the law, with costs, and motion to dismiss the wrongful death cause of action granted as to the appellants. ¶ Decedent died on February 1, 1978 and the instant action seeking recovery, *inter alia,* for wrongful death was commenced on February 1, 1980. The wrongful death action against the New York City Health and Hospitals Corporation had to be commenced within one year and 90 days from the date of the decedent's death (*Brennan v City of New York,* 59 NY2d 791). Accordingly, that branch of the motion to dismiss the wrongful death cause of action should be granted as to that party. Furthermore, the City of New York is not a proper party to this action (see *Brennan v City of New York,* 88 AD2d 871, affd 59 NY2d 791, *supra*). Lazer, J. P., Thompson, Niehoff and Boyers, JJ., concur.