■ ANTONIO ALMESTICA, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 66002.)—Judgment of the Court of Claims, dated June 26, 1984, affirmed, with costs, for reasons stated in the opinion of Justice Lengyel. Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.

■ THOMAS AMENDOLARE, Appellant, v SCHLOME PIONTKOWSKI et al., Respondents.—In a medical malpractice action, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Orgera, J.), dated June 10, 1984, which denied his motion to vacate an order of the same court (Underwood, J.), dated April 3, 1984, which dismissed his complaint.

Order affirmed, without costs or disbursements.

CPLR 5015 (a) (1) permits a court to relieve a party from an order on the ground of excusable default; however, the party must also demonstrate that his claim is meritorious *(see, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693). Moreover, "except as to matters within the ordinary experience and knowledge of laymen, in a medical malpractice action, expert medical opinion evidence is required to demonstrate merit" *(Fiore v Galang,* 64 NY2d 999, 1001).

Since the plaintiff failed to submit any evidence of merit, much less the affidavit of a medical expert, in his effort to vacate the order dismissing his complaint in this medical malpractice action, and because the plaintiff's default resulted from his own dilatory tactics, Special Term properly denied the plaintiff's motion to vacate the order pursuant to CPLR 5015 *(see, Baumann v Dee,* 100 AD2d 504). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.