■ ANA MARTINEZ, Individually and as Administratrix of the Estate of LUIS MARTINEZ, Deceased, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION, Respondent, et al., Defendants.—In an action, *inter alia,* to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated February 18, 1987, which granted the motion of the defendant New York City Health and Hospitals Corporation to dismiss the complaint insofar as it is asserted against it, as time barred.

Ordered that the order is affirmed, with costs.

The plaintiff's infant decedent died on August 1, 1981. The plaintiff was appointed as the infant decedent's personal representative on May 14, 1982. Thereafter, on December 23, 1982, the plaintiff commenced the instant action seeking recovery, *inter alia,* for wrongful death. The New York City Health and Hospitals Corporation Act *(see,* McKinney's Uncons Laws of NY § 7401 [2]) requires that an action against the New York City Health and Hospitals Corporation for the death of a plaintiff's decedent be commenced within one year and 90 days after the cause of action "shall have accrued". The accrual date and, therefore, the time for commencement of the action is measured from the date of death of the plaintiff's decedent *(see, Brennan v City of New York,* 59 NY2d 791; *D'Andrea v Long Is. R. R. Co.,* 117 AD2d 10, *affd* 70 NY2d 683; *Brann v City of New York,* 100 AD2d 504). At bar, it is undisputed that the plaintiff failed to commence her action within one year and 90 days of her decedent's death. The plaintiff argues that the date of her appointment as administratrix should be deemed to be the accrual date from which the limitations period commences to run. While acknowledging that *Brennan v City of New York (supra)* and its progeny hold to the contrary, the plaintiff urges this court to hold *Brennan* inapplicable to the instant action as it was commenced prior to the date of the *Brennan* determination. We find this argument unpersuasive. Review of the facts in

*Brann v City of New York (supra)* reveals that that action was commenced prior to the *Brennan* decision but that the court followed the *Brennan* determination. Accordingly, the Supreme Court properly dismissed the complaint insofar as it is asserted against the respondent as untimely. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.