■ DARDE L. HAMMIE, JR., Individually and as Administrator of the Estate of DARDE L. HAMMIE, SR., Deceased, Appellant, v CITY OF NEW YORK et al., Respondents.—In an action, *inter alia,* to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Scholnick, J.), dated May 29, 1987, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff's father died on April 8, 1983, while a patient at Kings County Hospital. The plaintiff commenced the instant action in September 1984 alleging medical malpractice against the defendant City of New York and the defendant New York City Health and Hospitals Corporation (hereinafter HHC). The defendants moved to dismiss the complaint as untimely against HHC since it was not commenced within 1 year and 90 days as required by McKinney's Unconsolidated Laws of NY § 7401 (2) (New York City Health and Hospitals Corporation Act § 20 [2]; L 1969, ch 1016, § 1, as amended). The defendants also maintained that the city was not a proper party to this action since HHC was a distinct and separate entity from the city. In opposition to the defendants' motion, the plaintiff explained that shortly after his father's death, he took steps to be appointed administrator of the estate. However, due to a dispute with a family member regarding the plaintiff's appointment, the letters of administration were not issued to the plaintiff until August 1984. Thus, the plaintiff argued that since he commenced the instant action against HHC within the applicable Statute of Limitations after his appointment, the action should be deemed timely. The plaintiff also maintained, *inter alia,* that the city was a proper party to the instant litigation because it, in essence, controlled HHC. We disagree and, accordingly, affirm the dismissal of the complaint.

Contrary to the plaintiff's position, neither the controlling statutory authority nor the relevant case law supports a conclusion that the 1-year-and-90-day Statute of Limitations set forth in McKinney's Unconsolidated Laws of NY § 7401 (2) is deemed tolled until the appointment of an administrator of the decedent's estate *(see, Brennan v City of New York,* 59 NY2d 791). On this point, it is significant to note that the plaintiff could have secured limited or restricted letters of administration in order to insure that a timely action against HHC was commenced *(see,* SCPA 702 [1]). We also reject the plaintiff's claim that McKinney's Unconsolidated Laws of NY § 7401 (2) violated the Equal Protection Clause of the US Constitution because it provides for a shorter period of time than the two-year Statute of Limitations governing wrongful death actions against a municipality *(see,* General Municipal Law § 50-i). The plaintiff's argument fails because he did not demonstrate that the statute was without a rational basis *(see, McGowan v Maryland,* 366 US 420).

Finally, we agree that the city was not a proper party to

this litigation since it is a "separate and distinct" entity from HHC *(Randolph v City of New York,* 69 NY2d 844, 847; *Brennan v City of New York, supra).* Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.