■ DIANE DUQUE, an Infant, by Her Parent and Natural Guardian, JORGE D. DOMINGUEZ, Respondent, v CARLOS A. ORTIZ et al., Appellants.—In a personal injury action predicated upon medical malpractice, the defendants separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Queens County (Santucci, J.), dated February 24, 1988, as upon reargument, "resettled" a prior order of the same court, dated October 26, 1987, made upon the plaintiff's default, by granting the defendants' respective motions to dismiss the complaint due to the plaintiff's failure to comply with a March 23, 1987 discovery order only if the plaintiff failed to comply with that order within 30 days from the date of service upon her of a copy of the order dated February 24, 1988, with notice of entry.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the plaintiff's motion to reargue is denied, and the October 26, 1987 order is reinstated, without prejudice to a motion by the plaintiff, if she be so advised, to vacate her default with respect to the October 26, 1987 order upon appropriate motion papers.

On March 23, 1987, the Supreme Court, Queens County (Santucci, J.), issued an order directing the plaintiff to comply with certain discovery requests made by the defendants. Upon the plaintiff's failure to fully comply with the March 23, 1987 order, the defendants separately moved, pursuant to CPLR

3126, *inter alia,* to dismiss the complaint. By order dated October 26, 1987, the Supreme Court, Queens County (Santucci, J.), granted the defendants' motions unless within 10 days of service upon her of a copy of that order, with notice of entry, the plaintiff complied with the March 23, 1987 order. The October 26, 1987 order was entered upon the plaintiff's default.

The plaintiff did not comply with the October 26, 1987 order. Instead, on or about December 10, 1987, she moved for leave to reargue the defendants' motions, and upon reargument, for vacatur of the October 26, 1987 order. The defendants opposed the requested relief. By order dated February 24, 1988, the Supreme Court, Queens County (Santucci, J.), *inter alia,* granted the plaintiff's request for leave to reargue, and upon reargument, "resettled" the October 26, 1987 order by granting the defendants' respective motions unless the plaintiff complied with the March 23, 1987 order within 30 days of the date of service upon her of a copy of the February 24, 1988 order with notice of entry. The defendants separately appeal.

We find that the Supreme Court improvidently exercised its discretion by granting the plaintiff's motion for "reargument". Contrary to the plaintiff's contention, there is no indication in the record or the Supreme Court's decision that the Supreme Court had overlooked or misapprehended the facts or law or for some other reason had mistakenly arrived at its October 26, 1987 order *(cf., Rodney v New York Pyrotechnic Prods. Co.,* 112 AD2d 410). Moreover, "resettlement" of the October 26, 1987 order was improper since there was no need to correct a technical or clerical error or to conform the order with the original decision of the court *(see, Yunger v Yunger,* 133 AD2d 451, 454). Even if we were to treat the plaintiff's motion as a motion to vacate her default with respect to the October 26, 1987 order, we would have to deny such relief because a statement of merits sworn to by a physician was not submitted with the plaintiff's motion papers *(see, Fiore v Galang,* 64 NY2d 999; *Amendolare v Piontkowski,* 118 AD2d 529). Consequently, the October 26, 1987 order is reinstated. However, our determination is without prejudice to a motion by the plaintiff, if she be so advised, to vacate her default with respect to the October 26, 1987 order upon appropriate motion papers. Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.