■ WILLIAM H. GEORGE, Respondent, v JONATHAN W. SASTIC et al., Appellants.—Yesawich, Jr., J. Appeals (1) from an order of the Supreme Court (McDermott, J.), entered August 25, 1989 in Rensselaer County, which, inter alia, denied the motions of various defendants for summary judgment dismissing the complaint against them, and (2) from an order of said court, entered September 27, 1989 in Rensselaer County, which, inter alia, denied the motion of defendant Jonathan W. Sastic for summary judgment dismissing the complaint against him.

In January 1988, plaintiff instituted a medical malpractice suit against defendants alleging that surgery on his knee, undergone in October 1985, and preoperative, intraoperative and postoperative care and treatment which plaintiff received

therefor, were negligently performed. Defendants, answering separately, made various discovery demands, including requests for a verified bill of particulars. When plaintiff failed to comply, defendants moved to compel disclosure. Thirty-day conditional preclusion orders were thereafter entered with plaintiff's consent in June and early July 1988. Due to law office failure, the requested information was not forthcoming and defendants then separately moved for summary judgment dismissing the complaint. Plaintiff made two cross motions to, *inter alia,* compel defendants to accept his verified bill of particulars and other responses to the discovery demands. In two orders, Supreme Court found that law office failure excused the noncompliance, denied defendants' motions and granted plaintiff's cross motions.

The medical malpractice charged includes, for example, an "improperly conducted * * * exploration of the right knee with resection of scar, elevation of tibial tubercle with local bone and quadriceps plasty", which is clearly not a matter within a layperson's ordinary experience. An affidavit of merit from a medical expert was accordingly essential *(see, Fiore v Galang,* 64 NY2d 999, 1001; *Quigley v Jabbur,* 124 AD2d 398, 399; *Amendolare v Piontkowski,* 118 AD2d 529; *see also, Duque v Ortiz,* 154 AD2d 333, 334). As no such affidavit was forthcoming, we are obliged to reverse.

Plaintiff's suggestion, that either the certificate of merit served pursuant to CPLR 3012-a or his proposed verified bill of particulars obviates the need to provide a medical affidavit, has no basis in either case or statutory law. That is understandable, we think, for a certificate of merit does not demonstrate the meritoriousness of a claim, it merely ensures that counsel has satisfied himself that "there is a reasonable basis for the commencement of [an] action" (CPLR 3012-a [a] [1]), and a bill of particulars does nothing more than amplify the pleadings (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3041:2, at 622 [1974 ed]).

Orders reversed, on the law, without costs, defendants' motions granted and complaint dismissed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.