■ CARMEN BAEZ, as Executrix of ROSA J. CARABALLO, Deceased, and as Testamentary Guardian of LISA R. CARABALLO and Another, Infants, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants, et al., Defendants.—In consolidated medical malpractice actions to recover damages, *inter alia,* for conscious pain and suffering and wrongful death, the defendants New York City Health and Hospitals Corporation, John Cece and Yen Chen appeal from so much of an order of the Supreme Court, Queens County (Graci, J.), dated December 9, 1988, as, upon consolidating the actions, denied that branch of their motion which was to dismiss the complaints as time barred, and granted that branch of the plaintiff's cross motion which was to dismiss their affirmative defenses of untimeliness.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the motion is granted, the cross motion is denied, and the complaints are dismissed as time barred.

The record demonstrates that the decedent died on April 17, 1986, and that the plaintiff was appointed executrix of the decedent's estate on or about October 7, 1986, and guardian of the decedent's infant children on November 18, 1986. However, it is undisputed that the plaintiff did not commence an action against the defendant New York City Health and Hospitals Corporation (hereinafter the HHC) until on or about July 24, 1987, and only thereafter did she commence similar

actions against the defendants Cece and Yen Chen. Accordingly, the instant actions were not commenced within the applicable 1-year-and-90-day limitations period set forth in McKinney's Unconsolidated Laws of NY § 7401 (2) *(see, Brennan v City of New York,* 59 NY2d 791; *Hammie v City of New York,* 143 AD2d 805; *Martinez v New York City Health & Hosps. Corp.,* 137 AD2d 503; *Brann v City of New York,* 100 AD2d 504). Contrary to the plaintiff's contention, the limitations period commenced running on the date of the decedent's death rather than on the date of her appointment as executrix or guardian *(see, Brennan v City of New York, supra; Bonilla v Abbott,* 113 AD2d 861), and a toll for infancy pursuant to CPLR 208 is unavailable as there was an adult relative of the deceased who could have instituted the action on behalf of the decedent *(see, Ratka v St. Francis Hosp.,* 44 NY2d 604; *Bonilla v Abbott, supra; Cruz v Mount Sinai Hosp.,* 61 AD2d 915). Similarly, the record fails to support the plaintiff's claim of estoppel. Accordingly, the Supreme Court should have dismissed this action as time barred. Kooper, J. P., Eiber, Sullivan and Balletta, JJ., concur.