OPINION OF THE COURT
Barry Hurowitz, J.
On January 9, 1990, the plaintiff began an action against her father, defendant herein, for the wrongful death of her mother, Dolores McDonald, who was murdered by the defendant on June 26, 1985. Plaintiff was 15 years old at the time of her mother’s death. After her mother’s death, the plaintiff lived with her maternal grandmother who was 63 years old at the time and allegedly did not speak English.
Defendant was arrested in December of 1986 for the murder of his wife and convicted on May 17, 1988, of murder in the second degree and conspiracy in the second degree. He was sentenced on June 7, 1988, to 25 years to life on the murder conviction and 100 months to 25 years on the conspiracy conviction. Plaintiff reached age 18 on March 10, 1988. On April 12, 1989, she petitioned for letters of administration. Limited letters of administration were granted to her for purposes of this action on September 22, 1989. The summons is dated November 2, 1989.
The plaintiff has moved for summary judgment upon the grounds that defendant, due to his conviction, cannot assert any defense in this civil action arising out of the crime he committed. Defendant has cross-moved for an order permitting him to amend his answer and to assert an affirmative defense of Statute of Limitations and for an order dismissing the action on the grounds it was commenced after the expiration of the Statute of Limitations.
Plaintiff’s motion is denied and defendant’s cross motion is granted.
Defendant’s cross motion to amend the answer and assert the affirmative defense of Statute of Limitations must be granted although it is late due to the circumstances herein. The defendant served his answer, acting pro se, while in prison. It appears that he obtained counsel only after he was served with the instant motion for summary judgment. This *426 amendment — to assert the affirmative defense of Statute of Limitations — cannot be said to unduly prejudice or surprise the plaintiff as the plaintiff is fully aware of the facts which surrounded the commencement of this proceeding, including its lateness (see, Shepherd v New York City Tr. Auth., 129 AD2d 574 [2d Dept 1987]). The court must now address this affirmative defense.
EPTL 5-4.1 provides for an action by the personal representative of a deceased for a wrongful act causing the death. The statute provides for a Statute of Limitations period of two years from the decedent’s death. Subdivision (2) of EPTL 5-4.1 provides that where a criminal action has been commenced against the same defendant with respect to the same event or occurrences out of which the civil action under this section arose, "the personal representative of the decedent shall have at least one year from the termination of the criminal action as defined in section 1.20 of the criminal procedure law in which to maintain an action, notwithstanding that the time in which to commence such action has already expired or has less than [one] year”.
The issue before the court is whether the two-year Statute of Limitations set forth in EPTL 5-4.1 (1) was tolled by the plaintiff’s infancy at the time of decedent’s death.
In Pulsifer v Olcott (63 Misc 2d 524 [Sup Ct, Essex County 1970], affd 41 AD2d 781 [3d Dept 1973]), the court held that the statute is tolled, if the only distributees are under disabilities due, for example, to incompetency or infancy, until the end of the disability or until the appointment of a fiduciary, such as an administrator or committee. Standing alone, Pulsifer would require a holding, in the case at bar, denying defendant’s cross motion since there was no administrator appointed during the period of plaintiff’s infancy, defendant was under a disability since he was not eligible to act as administrator since he was a convicted felon (SCPA 707 [1] [d]), and the plaintiff first reached majority in March of 1988. Thus, the statutory period would begin to run as of the date the plaintiff reached majority and this action would be timely.
Similarly, in Ratka v St. Francis Hosp. (44 NY2d 604, 608 [1978]), the court held that the Statute of Limitations was not tolled due to the infancy at the date of decedent’s death of the eventual administrator since there existed "next of kin who were under no disability to receive letters of administration” during the two-year period. This case appears to agree with *427 Pulsifer (supra) despite the different result which is due merely to the fact that distributees were available and able to apply for letters of administration during the two-year period.
These cases, however, do not stand alone, and subsequent decisions require the granting of defendant’s motion herein.
In Cruz v Mount Sinai Hosp. (61 AD2d 915 [1st Dept 1978] [hereinafter Cruz I]), the court cited Ratka (supra) and held that where an adult relative obtained guardianship over the infant distributee during the two-year statutory period but failed to obtain letters of administration and commence a wrongful death action during the period the Statute of Limitations was not tolled due to the plaintiffs infancy. The court stated: "The limitation is not, however, tolled by the infancy or disability of a beneficiary who could have been, or ultimately is appointed as, the personal representative when there existed at the time of the decedent’s death next of kin who were not under disability to receive letters of administration”. (Supra, at 916; emphasis added.)
This apparently contradicts Pulsifer (supra) insofar as Cruz I (supra) does not define "next of kin” as a distributee and therefore if there exists anyone who is next of kin who is not under a disability, the statute would not be tolled.
An attempt to reconcile these cases is made in Matter of Cruz v New York City Health & Hosps. Corp. (131 Misc 2d 376 [Sup Ct, Kings County 1986] [hereinafter Cruz II]). In Cruz II, the court notes that in Cruz I (supra), the decedent’s sister had obtained guardianship over the infant within the statutory period. The court explained that this changed the status of the "next of kin” who became the personal representative of the distributee via the guardianship to require the commencement of a wrongful death action within two years from decedent’s death.
However, it appears that such a reading of Pulsifer (supra) and Cruz I (supra) was rejected by the Second Department in Bonilla v Abbott (113 AD2d 861 [2d Dept 1985]). There the court stated that the "right to bring a wrongful death action is not vested in the statutory distributee [thus rejecting such a reading of Pulsifer v Olcott (supra) without stating such] but is given to the administrator of the decedent for their [the distributees’] benefit” (supra, at 862). The court also held that where there is someone who is "eligible and able” to act as administrator, the statute would not be tolled due to the distributee’s infancy despite the fact the eventual administra *428 tor "was not entitled to share in the proceeds of the estate” (supra, at 862).
The court also rejected the guardianship distinction between Pulsifer (supra) and Cruz I (supra) as set forth in Cruz II (supra). The court stated that the statutory period was "from the date of decedent’s death and not from the appointment of a legal or personal representative” (Bonilla v Abbott, 113 AD2d 861, 862, supra). Thus, the court appears to adopt the Cruz I holding that as long as there are next of kin available to become administrator, the statute is not tolled and reject Pulsifer, which holds that if distributees are under a disability, the statute is tolled until the appointment of a fiduciary.
In the recent case of Barrett v State of New York (161 AD2d 61, 67 [2d Dept 1990]), the Second Department explicitly adopts Cruz I (supra) for the proposition that: "[T]he infancy of a decedent’s child may not be employed to toll the applicable limitations period where some other person who is not under a legal disability is available to act as the decedent’s representative” (emphasis added).
Thus, as long as "some other person”, not necessarily a distributee or legal guardian, "is available”, the Statute of Limitations begins to run from the date of decedent’s death regardless of the child’s infancy or whether or not someone was actually appointed to administer the estate.
(Pulsifer v Olcott, supra, it seems, would be limited to those cases where there is no "available” person and a fiduciary is appointed by the court. In such circumstances, the statute would be tolled due to the infancy or other disability of the distributee until such fiduciary is appointed.)
In the case at bar, the decedent’s mother is "some other person” who was "available to act” as administrator and commence this action during the plaintiff’s infancy, where the other distributee, the defendant herein, was ineligible due to his conviction (SCPA 707 [1] [a], [d]). Her failure to apply for letters of administration and commence this action permitted the expiration of the Statute of Limitations.
Plaintiff argues that the decedent’s mother should be deemed as ineligible by this court because she is unable to communicate in the English language and is, therefore, ineligible pursuant to SCPA 707 (2). However, this section merely grants the court discretion to find that such a person is ineligible. Indeed, had decedent’s mother applied for letters of administration and was subsequently rejected, she would not *429 have been considered an "available” person and the action would be timely.
The remaining issue is whether plaintiff may utilize the one-year Statute of Limitations for cases where the wrongful death arises out of a criminal act for which the defendant has been charged. (EPTL 5-4.1 [2].)
This subdivision is a bit ambiguous since it states that the party shall have "at least” one year from the end of the criminal action to commence the wrongful death proceeding. This implies that the court, in its discretion, may extend the time. However, this second Statute of Limitations means that "if the plaintiff has more than one year in which to bring the civil action * * * the new section will not abbreviate the statute of limitations to one year” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C215:8, at 648). In the case at bar, the defendant was sentenced on June 7, 1988, which is the date the criminal trial was completed pursuant to CPL 1.20 (16) (c). As this action was not commenced until November 1989, it is time barred for this reason as well and the cross motion is granted.