■ CANDIDA VICTORIO, as Administratrix of the Estate of SYLVIO VICTORIO, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County (Stanley Sklar, J.), entered May 9, 1990, which, *inter alia,* dismissed the complaint as time-barred, unanimously affirmed, without costs.

Plaintiff's decedent, a national of the Dominican Republic, was diagnosed in that country as being afflicted with colon cancer in October, 1985. Subsequent testing performed at defendant Lincoln Hospital, which continued until 1987, allegedly failed to detect any cancer, despite decedent's deteriorating physical condition. On July 16, 1987, the decedent was

admitted to Lincoln Hospital, where he was promptly diagnosed as afflicted with cancer. Decedent died August 16, 1987. Plaintiff was issued letters of administration on July 12, 1989.

In August, 1989, plaintiff commenced this action for wrongful death, medical malpractice, lack of informed consent, and loss of consortium. The IAS court held, *inter alia,* that the wrongful death action was untimely. We agree. McKinney's Unconsolidated Laws of NY § 7401 (2) (New York City Health and Hospitals Corporation Act [L 1969, ch 1016, § 1] § 20 [2]) as it was then written, required that a claim for wrongful death be commenced within one year and ninety days after the decedent's death *(Brennan v City of New York,* 59 NY2d 791). No argument is raised that any of plaintiff's remaining causes of action may properly be maintained. Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.