■ JEANETTE MCDONALD, as Administratrix of the Estate of DOLORES MCDONALD, Deceased, Appellant, v THOMAS MCDONALD, Respondent. [597 NYS2d 159] —In an action, *inter alia,* to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), entered January 4, 1991, which, *inter alia,* denied her motion for summary judgment on the issue of liability, and granted the defendant's cross motion to amend his answer to interpose an affirmative defense of the Statute of Limitations, and to dismiss the complaint based upon that defense.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which granted that branch of the defendant's cross motion which was to dismiss the first cause of action in the complaint, and substituting therefor a provision denying that branch of the cross motion, and dismissing the Statute of Limitations defense with respect to that cause of action, and (2) deleting the provision thereof which denied that branch of the plaintiff's motion which was for summary judgment on the issue of the defendant's liability as to her first cause of action, and substituting therefor a provision granting that branch of the motion; as so modified the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issue of damages.

The plaintiff, who was an infant at the time of her mother's death, is the Administratrix and sole distributee of the decedent's estate. Therefore, the wrongful death claim advanced in the first cause of action of her complaint as Administratrix of the estate of her deceased mother was timely brought, since it was interposed within two years after the plaintiff attained the age of majority *(see, Hernandez v New York City Health & Hosps. Corp.,* 78 NY2d 687).

Furthermore, the court erred by denying so much of the plaintiff's motion as sought summary judgment on the issue of liability on the first cause of action. Where a criminal conviction is based upon facts identical to those in issue in a related civil action, the plaintiff in the civil action can successfully invoke the doctrine of collateral estoppel to bar the convicted defendant from relitigating the issue of his liability *(see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659; *Villanueva v Comparetto,* 180 AD2d 627, 629; *Grayes v DiStasio,* 166 AD2d 261; *Chism v New York City Tr. Auth.,* 145

AD2d 400). All that is required to give rise to the bar of collateral estoppel in the civil action is that the plaintiff demonstrate that there is identity of the issues and that the defendant had a full and fair opportunity to litigate the issues in the criminal action *(Grayes v DiStasio, supra)*. In the instant case, the defendant was convicted after a jury trial of the intentional murder of his wife, the plaintiff's mother. Thus, there can be no doubt, and the defendant has not controverted, that he had a full and fair opportunity to litigate the issue of his guilt of, and his responsibility for, the intentional killing of the plaintiff's decedent. Since the theory of the plaintiff's wrongful death cause of action rests on a claim of civil battery, she need only prove that the defendant subjected the decedent to an intentional harmful or offensive contact *(see,* Prosser and Keeton, Torts § 9 [5th ed]). The plaintiff has met this burden and accordingly is entitled to summary judgment on the issue of liability for wrongful death, as the defendant is collaterally estopped from relitigating this issue decided against him in the criminal action.

However, the court correctly dismissed the second and third causes of action to recover damages for the decedent's pain and suffering and the plaintiff's own emotional injuries sustained as a result of the defendant's murder of her mother. Even assuming that CPLR 208 is applicable to toll the Statute of Limitations on the survival claim *(cf., Baez v New York City Health & Hosps. Corp.,* 168 AD2d 529, *affd* 80 NY2d 571), the statute would have commenced running upon the plaintiff's eighteenth birthday. Since the tortious conduct underlying the second and third causes of action was the defendant's intentional assault and killing of the decedent, these claims are governed by a one-year Statute of Limitations *(see,* CPLR 215 [3]; *see,* 36 NY Jur 2d, Death, §§ 53-54). As these claims were not interposed within one year after the plaintiff attained the age of majority, they were properly dismissed as time barred *(see, Pittelli v Schulman,* 128 AD2d 600, 602). Bracken, J. P., Miller, O'Brien and Pizzuto, JJ., concur. *[See,* 149 Misc 2d 424.]