(April 24, 1997)

■ In the Matter of CARL HAYNES, Individually and as President of City Employees Union Local 327, International Brotherhood of Teamsters, AFL-CIO, et al., Appellants, v RU-

DOLPH GUILIANI, as Mayor of the City of New York, et al., Respondents. [657 NYS2d 18] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about December 13, 1995, which, in a proceeding pursuant to CPLR article 78 challenging respondent New York City Health and Hospitals Corporation's (HHC) decision to redeploy petitioners from the HHC Headquarters and replace them with private security guards, granted respondents' motion to dismiss the petition for failure to state a cause of action, unanimously affirmed, without costs.

The New York City Health and Hospitals Corporation is an entity separate and distinct from the City of New York with "complete autonomy respecting its personnel" (*Vaughn v City of New York*, 108 Misc 2d 994, 998, *affd* 89 AD2d 944; *see also, Brennan v City of New York*, 59 NY2d 791), and, accordingly, should not be deemed an "agency" within the meaning of Local Laws, 1994, No. 35 of the City of New York (Local Law 35) regulating the privatization of services performed by City employees. Assuming in petitioners' favor that HHC can subject itself to specific statutes, ordinances or rules generally applicable to City employees, such as Local Law 35, we reject petitioners' contention HHC did so by entering into the City-wide Collective Bargaining Agreement. The effect of article I (§ 1) of that agreement, relied on by petitioners, which recognizes a particular union "as the sole and exclusive collective bargaining representative on citywide matters which must be uniform for the [covered] employees", is not to require uniformity in the terms of employment for all covered employees, but rather to recognize the union as the sole bargaining representative for those "matters which must be uniform". Concur—Murphy, P. J., Milonas, Mazzarelli and Andrias, JJ.