■ In the Matter of CONSTANCE BODOUVA, Respondent, v WILLIAM N. BODOUVA, JR., Appellant. [692 NYS2d 608] —In a proceeding pursuant to Family Court Act article 8, the appeal, by permission, is from an order of the Family Court, Nassau County (Lawrence, J.), dated April 1, 1999, which, after a hearing, granted the petitioner a temporary order of protection until October 1, 1999.

Ordered that the order is affirmed, with costs.

After an incident on March 8, 1999, during which the appellant, while driving his car, allegedly struck the rear of the respondent's car three times while the respondent and her children were inside, the appellant was charged with a "family offense" and a temporary order of protection was entered in the District Court, Nassau County. After four days of hearings, the District Court vacated the order of protection. The following day, the respondent brought a petition for an order of protection in Family Court, Nassau County, based not only on the incident of March 8, 1999, but also on a series of alleged stalking incidents, alleged physical violence by the appellant, and an allegation that the appellant "is readily capable of escalating his negative behavior to physical violence at any time".

Contrary to the appellant's contention, the respondent is not collaterally estopped from bringing her petition for an order of protection in Family Court. The appellant has not demonstrated that there is an identity of issues and that the respondent had a full and fair opportunity to litigate the issues in the criminal action (see, McDonald v McDonald, 193 AD2d 590, 591, citing Grayes v DiStasio, 166 AD2d 261). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.