08-1510-cv
Harrison v. Harlem Hospital

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of February, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> JOHN M. WALKER, Jr.,
> ROSEMARY S. POOLER,
> > *Circuit Judges.*

─────────────────────────────────────────

WILLIAM HENRY HARRISON, *et al.*,

> *Plaintiffs-Appellants*,

> -v.-                                    08-1510-cv

HARLEM HOSPITAL, *et al.*,

> *Defendants-Appellees*.

─────────────────────────────────────────

FOR APPELLANTS:          William Henry Harrison, *pro se*, Richmond, Virginia.

Betty Mason, *pro se*, Claymont, Delaware.

James Andrew Harrison, *pro se*, Coatesville, Pennsylvania.

Celester Reginald Harrison, *pro se*, New York, New York.

Earnest Verdell Harrison, *pro se*, Brooklyn, New York.

FOR APPELLEE:                Michael A. Cardozo, Corporation Counsel, Pamela Seider Dolgow, Assistant Corporation Counsel, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiffs-Appellants, *pro se*, appeal from the district court's judgment dismissing their complaint pursuant to the defendants' motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.  Appellate Jurisdiction

As a preliminary matter, we conclude that, contrary to the appellees' contention, the appeal was timely filed.

The plaintiffs' post-judgment motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure was accompanied by an affidavit from William Henry Harrison indicating that he gave it to prison officials to be mailed on October 12, 2007.  Under the versions of the Federal Rules of Civil Procedure and Federal Rules of Appellate Procedure then in effect, and with the benefit of the prison-mailbox rule, the Rule 59(e) motion was accordingly timely filed.  *See* Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(4)(A)(iv); Fed. R. App. P. 26(a); *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (discussing prison-mailbox rule).

It is irrelevant that, among the plaintiffs, only Harrison was a prisoner, as "the time to file an appeal runs *for all parties* from the entry of the order disposing of the last such remaining motion ... to alter or amend the judgment under Rule 59."  Fed. R. App. P. 4(a)(4)(A)(iv) (emphasis added).  At a minimum, Harrison filed a timely Rule 59(e) motion to challenge the district court's decision to the extent it dismissed his interest in the suit, and this motion tolled the time for filing a notice of appeal for his co-plaintiff siblings as well.  Accordingly, the notice of appeal is timely and we have appellate

3

jurisdiction.

## II. Merits

We review *de novo* a district court order granting judgment on the pleadings pursuant to Rule 12(c). *See Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). We apply "the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Id.* To state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The appellants have failed to identify any specific fact they have learned *since* the limitations period expired which, if known by them sooner, would have led them to file

4

suit sooner. Accordingly, the plaintiffs have failed to show that the defendants fraudulently concealed a wrong, and they are not entitled to equitable tolling on this basis. *See Pinaud v. County of Suffolk*, 52 F.3d 1139, 1157-58 (2d Cir. 1995)("[A] plaintiff must submit non-conclusory evidence of a conspiracy or other fraudulent wrong which precluded his possible discovery of the harms that he suffered."). In addition, as the district court correctly noted, under New York law, the filing of a petition for letters of administration does not toll the limitations period for bringing an action on behalf of a decedent's estate. *See Hammie v. City of New York*, 143 A.D.2d 805, 806 (2d Dep't 1988). Accordingly, as the district court correctly concluded, the claims brought on behalf of the estate under 42 U.S.C. §§ 1981, 1983, and 1985 are barred as untimely, as suit was not brought within the three-year period applicable to such claims in New York. *See Singleton v. City of New York*, 632 F.2d 185, 189 (2d Cir. 1980); *see also Morse v. Univ. of Vermont*, 973 F.2d 122, 125 (2d Cir. 1992) (where federal cause of action provides no statute of limitations, court must apply the "most appropriate or analogous state statute of limitations")(internal quotation

5

marks omitted); *Gardner v. Wansart*, No. 05 Civ. 3351, 2006 WL 2742043, at *3 (S.D.N.Y. Sept. 26, 2006)(noting that courts in this circuit apply New York's three-year statute of limitations for personal injury claims to ADA actions). Section 1986, which creates a cause of action for failure to prevent a wrong under § 1985, necessarily requires a cognizable § 1985 claim, and hence the plaintiffs' § 1986 claim similarly fails. *See Gagliardi v. Village of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994).

The plaintiffs' claims brought in their individual capacities are without merit, and we affirm their dismissal for substantially the reasons stated in the district court's September 2007 order.

We have considered all of the appellants' arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6