Samuel v. Bellevue Hospital Center

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE
32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A
PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH
THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A
COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
on the 17th day of February, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> ROSEMARY S. POOLER,
> > *Circuit Judges*,
> LAWRENCE E. KAHN,[*]
> > *District Judge*.

───────────────────────────────────

Alexander Samuel,

> *Plaintiff-Appellant,*

> v.

> > 08-4635-cv

Bellevue Hospital Center,

> *Defendant-Appellee.*

───────────────────────────────────

FOR PLAINTIFF-APPELLANT:    Alexander Samuel, *pro se*, Brooklyn, New York.

FOR DEFENDANT-APPELLEE:    Ellen Ravitch, Assistant Corporation Counsel, *for*
Michael A. Cardozo, Corporation Counsel of the
City of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Buchwald,
*J.*).

───────────────────

[*]Lawrence E. Kahn, Senior Judge of the United States District Court for the Northern
District of New York, sitting by designation.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said district court be and hereby is **AFFIRMED**.

Appellant Alexander Samuel appeals from the judgment of the district court granting Bellevue Hospital Center's motion to dismiss in his action for employment discrimination.[**] We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

This court reviews *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). This Court also reviews *de novo* a district court's *sua sponte* dismissal of a complaint pursuant to 28 U.S.C. § 1915(e). *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, the district court's method of dismissing part of Samuel's complaint by anticipating an inability to prevail on summary judgment was questionable. *See Leibowitz v. Cornell University*, 445 F.3d 586, 591 (2d Cir. 2006) (holding that the district court erred in requiring the plaintiff to establish a *prima facie* case of employment discrimination under the *McDonnell Douglas* burden shifting framework in order to survive a 12(b)(6) motion to dismiss, because "the prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement") (quoting *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002)). However, the district court's judgment should be affirmed on other grounds. *See ACEquip Ltd. v. Am. Eng'g Corp.*, 315 F.3d 151, 155 (2d Cir. 2003) ("[o]ur court may . . . affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court"). In the context of the fantastic and delusional nature of the majority of his complaint, Samuel failed to allege sufficient facts to render plausible his conclusory assertion that the defendants discriminated against him on the basis of his membership in a protected class. Accordingly, Samuel has not created a reasonable inference that Bellevue Hospital Center is liable for the misconduct alleged, *see Iqbal*, 129 S. Ct. at 1949, and the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[**]Although the parties and the district court in this case have treated the City of New York as a separate defendant, it was not served and is not a proper party to this proceeding. Bellevue Hospital Center's corporate entity, New York City Health and Hospitals Corporation, is separate and distinct from the City of New York. *See Brennan v. City of New York*, 59 N.Y.2d 791, 792 (N.Y. 1983).