**Harris v City of New York**

2025 NY Slip Op 32327(U)

July 1, 2025

Supreme Court, New York County

Docket Number: Index No. 152534/2021

Judge: Ariel D. Chesler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. ARIEL D. CHESLER**

*Justice*

--------------------------------------------------------------------------------X

RENA HARRIS,

Plaintiff,

- v -

THE CITY OF NEW YORK, HARLEM HOSPITAL, JANE DOE

Defendant.

--------------------------------------------------------------------------------X

PART                 62M

INDEX NO.            152534/2021

MOTION DATE          12/23/2024

MOTION SEQ. NO.      001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 15, 16, 17, 18, 19, 20, 21, 22, 23, 27, 28, 36, 37, 39, 40, 41, 42, 43, 44, 45

were read on this motion to/for                DISMISSAL                .

Upon the foregoing documents, it is

In this proceeding, defendant the City of New York ("the City") moves for an Order pursuant to CPLR 3211 (a)(7) dismissing the Complaint against the City with prejudice for failure to state a cause of action, striking the City from the caption of this action. Plaintiff cross-moves for an Order consolidating this action ("Action No. 1") with the action titled *Rena Harris v. The City of New York, New York City Health and Hospital Corporation, "Jane Doe" and "Richard Roe"* (New York County Index No. 659624/2024) ("Action No. 2") pursuant to CPLR 602.

This is an action grounded in battery. Plaintiff alleges that on November 7, 2020, that while she was receiving treatment at the Harlem Hospital Emergency Room, an unidentified hospital employee, a nurse "Jane Doe" allegedly in violation of hospital policy and procedures, waved medical papers in front of plaintiff, repeatedly said to plaintiff "I hit back," and intentionally struck plaintiff on her left knee. On or about December 30, 2020, plaintiff's Notice

**152534/2021   HARRIS, RENA vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 1 of 5**

1 of 5

[* 1]

of Claim was served upon the City. This action was commenced on March 12, 2021, and issue was joined when the City interposed a Verified Answer on or about July 15, 2021. However, plaintiff filed an Amended Summons and Complaint on November 29, 2024, which was returned for correction.

## The City's Motion to Dismiss

In support of the instant motion, defendant City argues that the New York City Health and Hospitals Corporation ("H+H") is a distinct legal entity from the City. The City contends that the subject hospital, Harlem Hospital, is an H+H facility, and while the City owns H+H property, care, custody, control, management and operation of the City's hospitals are with H+H. Thus, the City argues it does not operate, maintain, manage, nor control the subject hospital, and plays no role in the hiring and supervising its personnel, and as such, the City is an improper party in this matter.

In opposition to defendant's motion, plaintiff argues that pursuant to CPLR 3025 (a) her Amended Complaint was timely filed in response to defendant City's motion to dismiss, supersedes as a matter of law the Summons and Complaint, and as such, defendant's motion to dismiss is moot as it is to dismiss the original Complaint and not the Amended Complaint and should be denied. In addition, plaintiff argues that the City indemnifies H+H for all its loses, damages or liability, and H+H agrees to render services on behalf of the City which plaintiff argues is a statement of joint enterprise and/or joint liability, thus, the City is a proper defendant in this action.

Here, the City is not a proper party to this action (*see Haynes v. Giuliani*, 238 AD2d 257, 258 [1st Dept 1997] [holding the New York City Health and Hospitals Corporation is an entity separate and distinct from the City of New York with "complete autonomy respecting its

**152534/2021   HARRIS, RENA vs. THE CITY OF NEW YORK ET AL**              **Page 2 of 5**
  **Motion No.  001**

2 of 5

personnel"]; *Kasachkoff v. City of New York*, 107 AD2d 130, 133 [1st Dept 1985] [holding New York City was not a proper party to the action as the events giving rise to the plaintiff's claims arose out of employment at Bellevue, a Health and Hospitals Corporation hospital, which is an entity wholly separate from the city]; *Brennan v. City of New York*, 59 NY2d 791, 792 [1983] [the New York City Health and Hospitals Corporation is a public benefit corporation, independent of the City of New York]). As such, the City's motion to dismiss is granted.

## Plaintiff's Cross-Motion to Consolidate

In support of her cross-motion, plaintiff argues that both cases arise out of the same alleged incident that occurred at Harlem Hospital on November 7, 2020. In addition, plaintiff argues that there is no undue prejudice and/or unfair surprise that exists to defendants as no depositions have occurred in either case, and defendants, in each case, have all witnesses and documentary evidence available to them. Lastly, plaintiff argues that consolidation is in the interest of judicial economy.

In opposition, the City argues that this is plaintiff's feigned effort to avoid dismissal. In support of this argument, the City points to the fact that plaintiff attempted to amend her Notice of Claim and Complaint without leave of Court to assert additional claims against the City by e-filing an "Amended Notice of Claim, an "Amended Summons" and an "Amended Complaint" on November 29, 2024, which the County Clerk rejected as being improperly filed without leave of Court. The City contends that because plaintiff failed to seek leave to amend her pleadings or serve a late Notice of Claim, she obtained a new index number on December 13, 2024, and e-filed a Summons and Complaint relating to the exact same incident and asserting the very same claims as contained amended pleadings already rejected by the Court on December 12, 2024. As such, plaintiff argues that these claims are time-barred given the November 7, 2020, incident

**152534/2021   HARRIS, RENA vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 3 of 5**

3 of 5

date. Lastly, the City argues that consolidation would prejudice it as it would fail to bring any finality to plaintiff's meritless and untimely claims asserted against the City.

Here, the Court agrees that plaintiff's claims in Action No. 2 are past the statute of limitations and untimely, and as such, consolidation is inappropriate (*HSBC Bank USA, N.A. v. Francis*, 214 AD3d 58, 64 [2d Dept 2023] ["the purpose of consolidation under CPLR 602 (a) is not to provide a party with a procedural end run around a legal defense applicable to one of the actions. In our opinion, in such instances, judicial discretion should not be used to cure the untimeliness of one action by tethering it to a related timely action"].

Accordingly, it is hereby

**ORDERED**, that the City's motion to dismiss the Complaint as against it is granted and the Complaint is hereby dismissed in its entirety as to the defendant the City of New York; and it is further

**ORDERED**, that the plaintiff's motion to consolidate is denied; and it is further

**ORDERED**, that the caption be amended to reflect the dismissal and that all future papers filed with the Court bear the amended caption; and it is further

**ORDERED**, that within twenty days from entry of this Order, counsel for the City of New York shall serve a copy of this Order with notice of its entry upon all parties and upon the Clerk of the Court (60 Centre St., Room 141B) and the Trial Support Office (60 Centre St., Rm 158M) in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed* Cases; and it is further

**ORDERED**, that the action is severed and continued under this index number with respect to the remaining defendants Harlem Hospital and "Jane Doe"; and it is further

**152534/2021    HARRIS, RENA vs. THE CITY OF NEW YORK ET AL**                    **Page 4 of 5**
  **Motion No.  001**

4 of 5

**ORDERED**, that since the City is no longer a party to this action, the Trial Support

Office shall reassign this action to the inventory of a non-City General IAS Part.

This constitutes the Decision and Order of this Court.

20250701160232ACHESLERC21A69B2DFCD49148A192008AB11BB87

| 7/1/2025 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ARIEL D. CHESLER, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**152534/2021   HARRIS, RENA vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 5 of 5

5 of 5

[* 5]